# IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

---

### Case No. 22-1109

---

SUSAN CLEVELAND,
  *Plaintiff-Appellant*,

v.

AUTO-OWNERS INSURANCE
COMPANY,
  *Defendant-Appellee.*

---

Appeal from the United States District Court
For the District of Colorado
The Honorable Christine M. Arguello
District Court Docket No. 1:20-cv-00676-CMA-NRN

---

### APPELLANT'S OPENING BRIEF

---

Bastion T. Kane, Esq.
THE KANE LAW OFFICE, LLC
225 Union Blvd., Suite 150-255
Lakewood, Colorado 80228
Phone:  (720) 849-6954
Facsimile:  (720) 398-3310
Email:  bastion@bastionkane.com
*Attorney for Plaintiff-Appellant*

J. Kyle Bachus, Esq.
BACHUS & SCHANKER, LLC
101 W. Colfax Ave., Ste. 650
Denver, CO  80202
Phone:  (303) 893-9800
Facsimile:  (303) 893-9900
Email:  kyle.bachus@coloradolaw.net
*Attorney for Plaintiff-Appellant*

### THE APPELLANT REQUESTS ORAL ARGUMENT.

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES …………………………………………………… iv

PRIOR OR RELATED APPEALS ..……………………………….................. v

STATEMENT OF JURISDICTION …….…………………………………...... 1

STATEMENT OF ISSUES FOR REVIEW …….…………………………..... 3

STATEMENT OF THE CASE ……..……………………………….................. 4

SUMMARY OF THE ARGUMENTS …..………………………………………9

ARGUMENT …..………………………………………………………………11

I.   THE DISTRICT COURT ERRED IN GRANTING AUTO-OWNERS'
     SUMMARY JUDGMENT MOTION ………………………………….. 11

     Issue Raised and Ruled Upon ………………………………………... 11

     Standard of Review ………………………………………………….. 11

     A. Summary Judgment Law Generally ……………………………… 12

     B. Colorado Law With Respect To An Insurer's Affirmative Defense Of Non-
        Cooperation ……………………………………………………… 15

     C. Application ……………………………………………………… 17

         1. Auto-Owners' Admissions Demonstrated Summary Judgment on
            Cleveland's Performance Element Was Improper …………………… 19

         2. Even If This Court, Pursuant To Its *De Novo* Review, Considers Whether
            Summary Judgment On Auto-Owners' Non-Cooperation Affirmative
            Defense Is Appropriate, The Facts Admitted by Auto-Owners, As Well
            As Other Materials In the Record, Demonstrate That Summary Judgment
            On Same Was Likewise Inappropriate …………………………………21

i

3.  C.R.S. § 10-3-1118 Also Precludes Entry of Summary Judgment …….27

II. THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT DENIED CLEVELAND'S AMENDED MOTION FOR STAY PURSUANT TO FED. R. CIV. P. 56(d) …………………………………………………………….29

Issue Raised and Ruled Upon ………………………………………... 29

Standard of Review…………………………………………………….. 29

A. Abuse of Discretion, Generally …………………………………... 29

B. Fed. R. Civ. P. 56 Generally …………………………………………30

C. Application …………………………………………………….. 31

1.  The District Court Abused Its Discretion By Committing An Error Of Law …………………………………………………………… 31

2.  The District Court Abused Its Discretion By Committing A Clear Error Of Fact ………………………………………………………… 32

3.  The District Court Abused Its Discretion By Failing To Exercise Its Discretion …………………………………………………………34

III. THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT DENIED CLEVELAND'S MOTION FOR RECONSIDERATION BASED ON FED. R. CIV. P. 59(e) …………………………………………………….. 38

Issue Raised and Ruled Upon ………………………………………... 38

Standard of Review ………………………………………………….. 38

A. Relevant Standards…………………………………………………. 38

1.  Motions to Reconsider…………………………………………… 38

2.  Fed. R. Civ. P. 59(e) …………………………………………….... 39

B. Application ...……………………………………………………... 39

    1. <u>Motion To Reconsider Analysis</u> ……………………………………… 39

    2. <u>Fed. R. Civ. P. 59(e) Analysis</u> ………………………………………  42

CONCLUSION ……………………………………………………....45

RELIEF REQUESTED …………………………………………………… 47

STATEMENT OF COUNSEL AS TO ORAL ARGUMENT...………………......48

SIGNATURE BLOCK ……………………………………………………... 49

CERTIFICATE OF COMPLIANCE …………….…………………………….50

CERTIFICATE OF PRIVACY REDACTIONS…………………………………50

CERTIFICATE THAT HARDCOPIES TO BE FILED WITH THE COURT ARE EXACT COPIES OF THE VERSION SUBMITTED ELECTRONICALLY…...51

CERTIFICATE OF DIGITAL SUBMISSION OF APPELLANT'S OPENING BRIEF …………..……………………………………………………...51

CERTIFICATE OF SERVICE ..…………………………………………….........52

**ATTACHMENTS:**

    A. ORDER on Defendant's Motion for Summary Judgment, Plaintiffs Motion for Stay, and Plaintiff's Motion for Partial Summary Judgment (Doc. No. 73 Entered: 09/23/2021) [App. Vol. 4 at 182-88]

    B. FINAL JUDGMENT in favor of Defendant and against Plaintiff (Doc. No. 74 Entered: 09/23/2021)   [App. Vol. 4 at 189]

    C. ORDER re: Plaintiff Susan Cleveland's "Motion for Relief from the Court's September 23, 2021 Order and Request for a Hearing" (Doc. No. 91 Entered: 03/31/2022) [App. Vol. 6 at 119-128]

# TABLE OF AUTHORITIES

## CASES

Adams v. C3 Pipeline Constr. Inc., 30 F.4th 943 (10th Cir. 2021) .................. 31, 52

Adickes v. S.H. Kress & Co., 398 U.S. 144, 160–61, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) ..........................................................................................20

Adler v. Wal–Mart Stores, Inc., 144 F.3d 664 (10th Cir.1998) ............................24

Anderson v. Dep't of Health & Hum. Servs., 907 F.2d 936 (10th Cir. 1990) 13, 14, 23, 26, 30

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986) ............................................................................... 14, 23

Birch v. Polaris Indus., Inc., 812 F.3d 1238 (10th Cir. 2015) .................................30

Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986) ............................................................................................. 12, 13

Denver & Rio Grande R.R. Co. v. Iles, 53 P. 222 (1898) .......................................15

Dodge v. Cotter Corp., 328 F.3d 1212 (10th Cir. 2003)...........................................2

Ellis v. J.R.'s Country Stores, Inc., 779 F.3d 1184 (10th Cir. 2015) ............... 29, 30

Farmer v. Banco Popular of N. Am., 791 F.3d 1246 (10th Cir. 2015)....................29

Farmers Auto. Inter-Ins. Exch. v. Konugres, 202 P.2d 959 (1949)........................17

Fontenot v. Upjohn Co., 780 F.2d 1190 (5th Cir. 1986) ........................................23

Ford v. Lumbermens Mut. Cas. Co., 197 F.R.D. 365 (N.D. Ill. 2000) ...............4, 19

Friends of Animals v. Bernhardt, 15 F.4th 1254 (10th Cir. 2021) ..........................13

Hall v. Allstate Fire & Cas. Ins. Co., 20 F.4th 1319 (10th Cir. 2021)........ 11, 26, 27

Hansen v. Barmore, 779 P.2d 1360 (Colo. App. 1989).............................. 16, 26, 40

Hayes v. SkyWest Airlines, Inc., 12 F.4th 1186 (10th Cir. 2021).........................32

Helm v. Kansas, 656 F.3d 1277 (10th Cir. 2011)....................................................22

Hunt v. Cromartie, 526 U.S. 541 119 S.Ct. 1545, 143 L.Ed.2d 731 (1999) ..........22

Hutchinson v. Pfeil, 105 F.3d 562 (10th Cir. 1997) ......................................... 15, 21

In re Vaughn, 765 F.3d 1174 (10th Cir. 2014) .......................................................30

Jensen v. Redevelopment Agency of Sandy City, 998 F.2d 1550 (10th Cir. 1993) ................................................................................................. 30, 37

Leone v. Owsley, 810 F.3d 1149 (10th Cir. 2015) ............................................ 22, 24

Lockwood v. Wolf Corp., 629 F.2d 603 (9th Cir. 1980)........................................42

Lopez v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510 (1st Cir. 1991) ..14

Ohlander v. Larson, 114 F.3d 1531 (10th Cir. 1997) .............................................29

Ostroski v. Town of Southold, 443 F. Supp. 2d 325 (E.D.N.Y. 2006) ..................19

Patty Precision v. Brown & Sharpe Mfg. Co., 742 F.2d 1260 (10th Cir. 1984) ... 31, 37

Paul v. Monts, 906 F.2d 1468 (10th Cir. 1990) .....................................................14

Phelps v. Hamilton, 122 F.3d 1309 (10th Cir. 1997) ...................................... 38, 39

Reed v. Bennett, 312 F.3d 1190 (10th Cir. 2002)............................................. 13, 20

Rich v. Sec'y, Fla. Dep't of Corr., 716 F.3d 525 (11th Cir. 2013).........................22

Servants of Paraclete v. Does, 204 F.3d 1005 (10th Cir. 2000) ..............................38

Smith v. Ozmint, 578 F.3d 246 (4th Cir. 2009)......................................................23

State Farm Mut. Auto. Ins. Co. v. Goddard, 484 P.3d 765 (Colo. App. 2021).......17

State Farm Mut. Auto. Ins. Co. v. Secrist, 33 P.3d 1272 (Colo. App. 2001) .. 16, 24,
    40

Stoole v. Metro. Prop. & Cas. Ins. Co., 2018 WL 3126112 (D. Colo. June 26,
    2018)................................................................................................................22

Torres Vargas v. Santiago Cummings, 149 F.3d 29 (1st Cir.1988) .......................23

Trans–Western Petrol., Inc. v. United States Gypsum Co., 830 F.3d 1171 (10th Cir.
    2016)................................................................................................................29

United States v. Hartley, 34 F.4th 919 (10th Cir. 2022)............................................29

United States v. Soussi, 316 F.3d 1095 (10th Cir. 2002) ........................................32

Van Skiver v. United States, 952 F.2d 1241 (10th Cir. 1991)..................................38

W. Distrib. Co. v. Diodosio, 841 P.2d 1053 (Colo. 1992) ......................................15

Walker v. State Farm Fire & Cas. Co., 2017 WL 1386341 (D.Colo. Feb. 23, 2017),
    report and recommendation adopted, 2017 WL 1386346 (D.Colo. Mar. 17, 2017)
    ........................................................................................................................16

Wilson v. Vill. of Los Lunas, 572 F. App'x 635 (10th Cir. 2014) .........................31

Zambakian v. Leson, 234 P. 1065 (1925).................................................................41

## STATUTES

28 U.S.C. § 1291 ....................................................................................................1, 2

28 U.S.C. § 1294....................................................................................................1

28 U.S.C. § 1294(1) ..............................................................................................1

28 U.S.C. § 1331....................................................................................................1

28 U.S.C. § 1332....................................................................................................1

28 U.S.C. § 1367....................................................................................................1

28 U.S.C. § 1441(a) ..............................................................................................1

C.R.S. § 10-3-1118 ....................................... ii, 3, 10, 27, 28, 29, 46, 47

## OTHER AUTHORITIES

CO LEGIS H.B. 20-1290 (2020), 2020 Colo. Legis. Serv. H.B. 20-1290 (WEST)
    ........................................................................................................................28

http://www.cod.uscourts.gov/Portals/0/Documents/Orders/GO_2020-1_COVID-
    19_Restrictions.pdf .......................................................................................35

http://www.cod.uscourts.gov/Portals/0/Documents/Orders/GO_2020-
    2_Court_Operations.pdf.................................................................................35

http://www.cod.uscourts.gov/Portals/0/Documents/Orders/GO_2020-
3_Court_Operations.pdf ...............................................................................35
http://www.cod.uscourts.gov/Portals/0/Documents/Orders/GO_2020-
6_Court_Operations.pdf ...............................................................................36
Robert Denton and Tynin Fries, *Coronavirus Timeline:  An in-depth look at
COVID-19 in Colorado*, April 8, 2020,
https://www.denverpost.com/2020/04/08/colorado-coronavirus-covid-timeline/35

## RULES

10th Cir. R. 28.1(A)(1) ................................................................................1
Fed. R. App. P. 28(a)(4)(A) ........................................................................1
Fed. R. App. P. 28(a)(4)(B) ........................................................................1
Fed. R. App. P. 28(a)(4)(C) ........................................................................2
Fed. R. App. P. 28(a)(4)(D) ........................................................................1
Fed. R. Civ. P. 30(b)(6) ............................................................ 6, 32, 33, 36
Fed. R. Civ. P. 56 ............................................ ii, 6, 10, 13, 24, 26, 30, 37
Fed. R. Civ. P. 56(a) ...................................................................................6
Fed. R. Civ. P. 56(c)(1)(A) ................................................................ 24, 26
Fed. R. Civ. P. 56(c)(3) ...................................................................... 24, 26
Fed. R. Civ. P. 56(d) ............................................................... 6, 10, 30, 37
FED. R. CIV. P. 56(d) ........................................................................ ii, 29
Fed. R. Civ. P. 56(e)(3) .............................................................................13
Fed. R. Civ. P. 59(e) ...................................... iii, 2, 11, 38, 39, 42, 45, 46, 48
FED. R. CIV. P. 59(e) ....................................................................... ii, 38
Fed. R. Civ. P. 60(b) ..................................................................................2
Federal Rule of Appellate Procedure 4 ......................................................2
Federal Rule of Appellate Procedure 4(a)(1)(A) .......................................2
Federal Rule of Appellate Procedure 4(a)(4)(A)(iv) ..................................2
Federal Rule of Appellate Procedure 4(a)(4)(A)(vi) ..................................2

## TREATISES

11 Moore's Federal Practice, § 56.101[4] (Matthew Bender 3d Ed.) ....................31
11 *Moore's Federal Practice*, § 56.40[1][c] (Matthew Bender 3d Ed. 2015) ........23
Allan D. Windt, *Insurance Claims & Disputes* § 3.2 (6th ed. 2016) .....................16

## JURY INSTRUCTIONS

COLJI-CIV (2022) 30:10 – CONTRACT PERFORMANCE – BREACH OF
CONTRACT – ELEMENTS OF LIABILITY; COLJI-CIV (2022) ...................40

COLJI-CIV (2022) 30:11 – CONTRACT PERFORMANCE – BREACH OF
CONTRACT DEFINED ....................................................................................40
COLJI-CIV (2022) 30:12 – CONTRACT PERFORMANCE – SUBSTANTIAL
PERFORMANCE ...............................................................................................40

## **PRIOR OR RELATED APPEALS**

To the best of Undersigned's knowledge, there are no prior or related appeals in the instant case.

## STATEMENT OF JURISDICTION

### Fed. R. App. P. 28(a)(4)(A):

The District Court had jurisdiction over Plaintiff-Appellant Cleveland's breach of contract claim based on federal diversity jurisdiction under 28 U.S.C. § 1332.  The parties are diverse and the amount in controversy is greater than $75,000.00. *See* App. Vol. 1 at 25, ¶¶ 4-7; App. Vol. 1 at 26-27, ¶¶ 9-14.[1]

### Fed. R. App. P. 28(a)(4)(B):

This Court has jurisdiction and venue over the instant appeal pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 1294(1) as venue for the underlying civil action was in the United States District Court for the District of Colorado. *See* App. Vol. 1 at 24, ¶ 3; *see also* 28 U.S.C. § 1441(a).

Entry of Final Judgment on Cleveland's claims occurred on September 23, 2021.  App. Vol. 4 at 189.

### Fed. R. App. P. 28(a)(4)(D):

Entry of the September 23, 2021 Final Judgment disposed of all claims by and against Auto-Owners.   App. Vol. 4 at 189.   Thus, the District Court's September 23, 2021 Final Judgment constitutes a final decision of the District

---

[1] Pursuant to 10th Cir. R. 28.1(A)(1), references to the record are made herein using the following convention:  "App. Vol. _ at __".

Court pursuant to 28 U.S.C. § 1291.  <u>Dodge v. Cotter Corp.</u>, 328 F.3d 1212, 1221 (10th Cir. 2003).

Pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b), on October 8, 2021, Cleveland timely filed Plaintiff's Motion For Relief From The Court's September 23, 2021 Order And Request For A Hearing; that is, within twenty-eight (28) days of the entry of the District Court's September 23, 2021 Final Judgment. App. Vol. 4 at 190-204.

On March 31, 2022, the District Court entered its Order Denying Plaintiff's Motion For Relief From The Court's September 23, 2021 Order And Request For A Hearing ("March 31, 2022 Order"). App. Vol. 6 at 119-28.

**<u>Fed. R. App. P. 28(a)(4)(C):</u>**

A timely notice of appeal was filed by Cleveland in accordance with Federal Rule of Appellate Procedure 4(a)(1)(A) and Federal Rule of Appellate Procedure 4(a)(4)(A)(iv) and Federal Rule of Appellate Procedure 4(a)(4)(A)(vi) on April 9, 2022; that is, within 30 days of the District Court's March 31, 2022 Order Denying Plaintiff's Motion For Relief From The Court's September 23, 2021 Order And Request For A Hearing.  App. Vol. 6 at 129-30.

## STATEMENT OF ISSUES FOR REVIEW

I.  Whether the District Court committed error in granting summary judgment to Auto-Owners on Cleveland's performance element where Auto-Owners admitted in its Motion for Summary Judgment that Cleveland performed, thereby creating disputed issues of material fact on that issue; and, further, the District Court failed to consider or apply the correct standard for summary judgment on Auto-Owners affirmative defense of non-cooperation as same was expressly raised by Auto-Owners' Motion for Summary Judgment and implicated by Colorado's substantive law; and where Auto-Owners' Motion for Summary Judgment failed to establish that Auto-Owners complied with C.R.S. § 10-3-1118.

II. Whether the District Court abused its discretion in denying Cleveland's Amended Motion to Stay Motion for Summary Judgment by Plaintiff where the District Court's Order was based on both legal and factual error as well as the District Court's failure to exercise its discretion whatsoever – for over nine months – in light of the circumstances.

III.Whether the District Court abused its discretion in failing to correct clear error or to prevent manifest injustice by denying Cleveland's Motion for Reconsideration for Relief from the Court's September 23, 2021 Order and Request For A Hearing where the District Court.

3

## STATEMENT OF THE CASE

The instant appeal arises out of the District Court's September 23, 2021 Order denying Cleveland's Amended Motion for Stay and granting Auto-Owners' Motion for Summary Judgment,[2] (App. Vol. 4 at 0182-0188), the entry of Final Judgment against Cleveland on September 23, 2021, (App. Vol. 5 at 189), and the District Court's March 31, 2022 Order Denying Plaintiff's Motion For Relief From The Court's September 23, 2021 Order And Request For A Hearing. App. Vol. 6 at 119-128.

Cleveland was involved in a 5 car collision that occurred at 4:51 PM on October 14, 2016, when underinsured driver Erika James made a prohibited left turn from westbound East Alameda Avenue onto South Olive Way, crossed two lanes of stopped traffic, and, as she entered the third and final lane of eastbound East Alameda Avenue, ran into the middle of the passenger side of a Ford F-150 carrying large pieces of home window glass which was driven by James Abbey in the course and scope of his employment with Prime Window Systems, LLC (hereinafter "Prime Window"). App. Vol. 1 at 100.

The collision caused Prime Window's Ford F-150 to be redirected to the center lane of Alameda Avenue and into the rear end of the Chevrolet Suburban driven by Cleveland. App. Vol. 1 at 100-101.

---

[2] The District Court also denied Cleveland's Partial Motion for Summary Judgment as Moot. App. Vol. 4 at 188. That issue is not part of the instant appeal.

The force of the collision caused a chain reaction with a Chevrolet Aveo and Chevrolet Equinox ahead of the Aveo. App. Vol. 1 at 185.

Cleveland filed suit in Colorado state court against James, Abbey, and Prime Window on December 28, 2017. App. Vol. 1 at 103.

Cleveland eventually settled with James' carrier Esurance for the remainder of the available policy limits on August 5, 2019.  App. Vol. 1 at 106-107.

At trial on November 6, 2019 a Denver County District Court jury found in favor of Abbey and Prime Window on the issue of negligence. App. Vol. 1 at 107.

On February 5, 2020, Cleveland brought a breach of contract action against Auto-Owners in Colorado state court for failure to pay underinsured motorist (UIM) benefits, claiming she is owed for injuries sustained in the October 14, 2016 collision. App. Vol. 1 at 37-42.  Auto-Owners filed its Answer to Cleveland's Complaint on March 5, 2020. App. Vol. 1 at 52-62.  In its Answer, Auto-Owners asserted the affirmative defense of failure to cooperate on the part of Cleveland. App. Vol. 1 at 58-60.

On March 11, 2020, Auto-Owners filed its Notice of Removal to the District Court. App. Vol. 1 at 24-27.

On December 14, 2020, Defendant Auto Owners Insurance Company ("Auto-Owners") filed its Motion for Summary Judgment pursuant to Fed. R. Civ.

P. 56(a). (hereinafter "Auto-Owners' Motion for Summary Judgment").  App. Vol. 2 at 127-147.

On January 4, 2021, Cleveland filed a Motion Pursuant to Fed. R. Civ. P. 56(d) for Stay of Plaintiff's Response to Auto-Owner's Motion for Summary Judgment.  App. Vol. 3 at 62-66.  This Motion was denied without prejudice the following day for failure to include evidence of conferral with opposing counsel.  App. Vol. 3 at 67.  The same day as the denial (January 5, 2021), Cleveland filed an Amended Motion to Stay (hereinafter "Plaintiff's Amended Motion To Stay").  App. Vol. 3 at 68-75.

Therein, Cleveland requested a stay on her response to Defendant's Motion for Summary Judgment until additional discovery could be completed, including, but not limited to, the Fed. R. Civ. P. 30(b)(6) deposition of Auto-Owners. *See* id. at 69-70.

Cleveland contended Auto-Owners' deposition testimony and additional discovery would yield facts that, when viewed in the light most favorable to Cleveland, would preclude summary judgment. *See* id. at 70-71.  Cleveland requested her response to Auto-Owners' Motion for Summary Judgment be stayed until twenty (20) days *after the completion of discovery in the case*. *See* id. at 72.  Defendant filed a timely Response to the Amended Motion To Stay on January 26,

2021 (App. Vol. 3 at 76-82) and Cleveland filed a Reply on February 9, 2021 (App. Vol. 3 at 100-106), completing briefing on her Amended Motion To Stay.

In the interim, Cleveland filed a Partial Motion for Summary Judgment on February 2, 2022 (App. Vol. 4 at 11-30), to which Auto-Owners filed a Response on February 22, 2022 (App. Vol. 4 at 107-115). After an unopposed extension of time, Cleveland filed a Reply on March 18, 2021 (App. Vol. 4 at 125-135).

After the District Court's March 3, 2021 Order affirming Magistrate Judge Reid Neureiter's September 28, 2020 Discovery Order over Defendant's Objections (App. Vol. 4 at 116-118), Cleveland began conducting discovery – including depositions and disclosing expert reports. Cleveland's continued efforts to conduct discovery resulted in several joint status reports, a joint motion for a protective order, and joint motions for extensions of all discovery deadlines in the Scheduling Order, the last of which extended discovery through October 30, 2021. App. Vol. 4 at 174.

On September 23, 2021, the District Court issued an Order granting Auto-Owners' Motion for Summary Judgment, denying Plaintiff's Amended Motion To Stay, and denying as moot Cleveland's Motion for Partial Summary Judgment [("September 23, 2021 Order"). App. Vol. 4 at 182-188. The court set forth two reasons for denying Cleveland's Amended Motion To Stay. *See* id. at 186-187. First, the court found that Cleveland needed no discovery to respond to

Defendant's contention Cleveland "cannot prove . . . that she performed the contract or that there is some justification for nonperformance." *See* id. at 187, citing Defendant's Motion.  Second, the court held that:

> . . . [E]ven if Cleveland could show that discovery was necessary to her response, the record shows that the relevant discovery is now complete. According to Cleveland's most recent status report, the 30(b)(6) deposition of Auto-Owners took place in May of this year – nearly five months ago. (Doc. # 53). In fact, the parties stipulated that all discovery would be completed earlier this month. (Doc. # 53). Thus, Cleveland should now have access to all the information she needs to respond to Auto-Owners' summary-judgment motion. To date, however, she has made no effort to respond substantively to Auto-Owners' arguments.

Id.[3]  The District Court entered Final Judgment on September 23, 2021.  App. Vol. 4 at 189.

On October 8, 2021, Cleveland filed for her Motion for Relief from the District Court's September 23, 2021 Order and a Request for Hearing (hereinafter "Cleveland's Motion for Reconsideration").  App. Vol. 4 at 190-205.  Therewith, Cleveland filed a Response to Defendant's Motion for Summary Judgment.  App. Vol. 5 at 112-132. This Response was the filing Cleveland had sought a stay of until completion of discovery back on January 5, 2021.  App. Vol. 3 at 68-75. Auto-Owners' Response on the Motion for Reconsideration was filed October 28,

---

[3] As demonstrated *infra*, however, the specific relief Plaintiff requested in her Motion To Stay was to respond *after the close of discovery*.  App. Vol. 3 at 66. Moreover, discovery had been extended to October 31, 2021. App. Vol. 4 at 174. Thus, these findings by the District Court are manifest errors of fact.

2021 (App. Vol. 6 at 92-107) and Cleveland's Reply was filed on November 11, 2021. App. Vol. 6 at 108-118. The District Court denied the Cleveland's Motion for Reconsideration on March 31, 2022 (hereinafter "March 31, 2022 Order"). App. Vol 6 at 119-128.

Cleveland filed a Notice of Appeal as to the September 23, 2021 Order, March 31, 2022 Order, and the Final Judgment on April 9, 2022. App. Vol. 6 at 129-130. This Appeal follows.

## SUMMARY OF THE ARGUMENTS

The District Court erred in granting summary judgment to Auto-Owners, regardless of any failure of Cleveland to file a timely Response to Auto-Owners' Motion for Summary Judgment, because the Motion for Summary Judgment standing alone contained admissions that demonstrate the existence of genuine disputes of material fact as to whether Cleveland fulfilled her obligations under the insurance contract.

Further, although not reached by the District Court, Auto-Owners' affirmative defense of non-cooperation under the insurance contract also cannot form the basis of a grant of summary judgment in Auto-Owners' favor because the Motion for Summary Judgment objectively lacks the necessary factual demonstration on the merits of the non-cooperation affirmative defense that any

alleged failure of Cleveland to cooperate with Auto-Owners under the insurance contract caused Defendant any material and substantial prejudice.

Lastly, summary judgment was precluded on the non-cooperation affirmative defense because Defendant Auto-Owners failed to even attempt to make the required showing under the newly applicable Colorado statute applying to such defenses – C.R.S. § 10-3-1118.

The District Court abused its discretion in denying Cleveland's Amended Motion for Stay of Summary Judgment Pursuant to Fed. R. Civ. P. 56(d) because it left Plaintiff Cleveland unable to complete the discovery necessary to mount a sound defense to Auto-Owners Motion for Summary Judgment.  The District Court independently abused its discretion in overtly misreading the critical fact that the request in the Amended Motion for Stay was for a stay until all discovery was completed and not simply the completion of a certain deposition.  Because the District Court misread the Amended Motion for Stay, it committed clear factual error in issuing its ruling on summary judgment prior to providing Cleveland due time to complete discovery.  Lastly, the District Court abused its discretion in failing to make any ruling whatsoever on the Amended Motion for Stay for over nine months after its filing, and then denying the Amended Motion for Stay in the same Order through which it granted Summary Judgment to Defendant – thereby

effectively depriving Cleveland of the ability to provide her Response to the Motion for Summary Judgment.

The District Court also erred and abused its discretion in denying Cleveland's Motion for Reconsideration of the Summary Judgment and Amended Motion to Stay rulings based on Fed. R. Civ. P. 59(e).  Specifically, the District Court exacerbated the errors it committed in the original rulings and improperly rejected Reconsideration based on the misapplication of the relevant summary judgment standards, mistakenly finding that Plaintiff Cleveland failed to present available evidence during the pendency of the Summary Judgment Motion, misinterpretation of the Amended Motion for Stay until all discovery was complete, and disregard of the need to correct manifest injustice.

## ARGUMENT

## I.   THE DISTRICT COURT ERRED IN GRANTING AUTO-OWNERS' SUMMARY JUDGMENT MOTION

**ISSUE RAISED:**  App. Vol. 2 at 127-146

**ISSUE RULED UPON:**  App. Vol. 4 at 185-188.

### Standard of Review

As noted by this Court, "our review is de novo and we apply the same summary judgment standard as the district court." Hall v. Allstate Fire & Cas. Ins. Co., 20 F.4th 1319, 1323 (10th Cir. 2021) (citation omitted).

~~~~~~~~~~~~

The District Court erred in granting summary judgment to Auto-Owners notwithstanding the fact that Cleveland only filed her Amended Motion to Stay rather than initially filing a substantive response to the Motion for Summary Judgment.

### A. <u>Summary Judgment Law Generally</u>

To frame the relevant legal standards, in the instant case Auto-Owners filed its Motion for Summary Judgment which, under Colorado law implicated its non-cooperation affirmative defense – for which it had the ultimate burden of persuasion at trial.   In lieu of filing a response to the Motion for Summary Judgment, Cleveland filed her Amended Motion to Stay for the purpose of gathering additional discovery to rebut Auto-Owners' affirmative defense.

In that vein, the District Court may only grant summary judgment where *the moving party* demonstrates there is no genuine dispute as to any material fact; that is, where *the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it*.  The moving party invariably bears both the initial and the ultimate burden of demonstrating its legal entitlement to summary judgment. *See* <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986).  This Court has recognized that "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party." <u>Reed v. Bennett</u>,

312 F.3d 1190, 1195 (10th Cir. 2002). Rather, the district court must make the additional determination that judgment for the moving party is "appropriate" under Rule 56; that is, only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See* id.; *see also* Fed. R. Civ. P. 56(e)(3). When the nonmoving party fails to timely file a response, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion and the court should accept as true all material facts asserted and properly supported in the summary judgment motion. *See* id. However, only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment. *See* id.

> **If the *moving* party will bear the burden of persuasion at trial, that party must support its motion with credible evidence – using any of the materials specified in Rule 56(c) – that would entitle it to a directed verdict if not controverted at trial**…. Such an affirmative showing shifts the burden of production to the party opposing the motion and requires that party ... to produce evidentiary materials that demonstrate the existence of a "genuine fact" for trial.
>
> *Celotex Corp. v. Catrett,* 477 U.S. 317, 331, 106 S.Ct. 2548, 2557, 91 L.Ed.2d 265 (1986) (citation omitted).

Anderson v. Dep't of Health & Hum. Servs., 907 F.2d 936, 947 (10th Cir. 1990) (emphasis added), *abrogated on other grounds by* Friends of Animals v. Bernhardt, 15 F.4th 1254, 1271 n.13 (10th Cir. 2021). "[W]here the moving party

13

has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." Paul v. Monts, 906 F.2d 1468, 1474 (10th Cir. 1990) (citations omitted).  As recognized by the United States Supreme Court, the summary judgment standard vis-à-vis a party who has the ultimate burden of persuasion at trial:

> . . . [M]irrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that **the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.** *Brady v. Southern R. Co.,* 320 U.S. 476, 479–480, 64 S.Ct. 232, 234, 88 L.Ed. 239 (1943). **If reasonable minds could differ as to the import of the evidence, however, \*251 a verdict should not be directed.** *Wilkerson v. McCarthy,* 336 U.S. 53, 62, 69 S.Ct. 413, 417, 93 L.Ed. 497 (1949).

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250–51, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986) (emphasis added).  "Just as '[t]he nonmoving party cannot fend off summary judgment unless it makes a competent demonstration that *every essential element* of its claim or defense is at least trialworthy,' . . . the moving party cannot prevail on its motion for summary judgment if *any essential element* of its claim or defense requires trial." Lopez v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510, 1516–17 (1st Cir. 1991) (citations omitted) (emphasis in original).  Only on a properly supported motion for summary judgment does the burden shift to the nonmovant to establish the existence of a genuine material issue. *See* Lopez, 938 F.2d 1517 (internal quotations and citations omitted).

14

This Court has recognized that defendant may use a motion for summary judgment to test an affirmative defense which entitles that party to a judgment as a matter of law. *See* Hutchinson v. Pfeil, 105 F.3d 562, 564 (10th Cir. 1997). "The defendant making such a motion must demonstrate that no disputed material fact exists regarding the affirmative defense asserted. . . . . If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact." Hutchinson, 105 F.3d at 564 (internal citations omitted).

## B. **Colorado Law With Respect To An Insurer's Affirmative Defense Of Non-Cooperation**

As recognized by the Colorado Court of Appeals, relying upon Colorado Supreme Court precedent, "a party attempting to recover on a claim for breach of contract must prove the following elements: (1) the existence of a contract, Denver & Rio Grande R.R. Co. v. Iles, 25 Colo. 19, 25, 53 P. 222, 224 (1898); (2) performance by the plaintiff or some justification for nonperformance . . . ." W. Distrib. Co. v. Diodosio, 841 P.2d 1053, 1058 (Colo. 1992) (citations omitted). The Diodosio Court recognized that:

> The "performance" element in a breach of contract action means "substantial" performance. Substantial performance occurs when, "although the conditions of the contract have been deviated from in trifling particulars not materially detracting from the benefit the other party would derive from a literal performance, [the defendant] has received substantially the benefit he expected, and is, therefore, bound to pay."

Diodosio, 841 P.2d at 1058 (citation omitted).

"Recovery under an insurance policy may be forfeited when, in violation of a policy provision, the insured fails to cooperate with the insurer "in some material and substantial respect." Hansen v. Barmore, 779 P.2d 1360, 1364 (Colo. App. 1989) (citations omitted). "Non-cooperation constitutes breach only if material and substantial disadvantage to the insurer is proved. Id. at 1364 (citation omitted); accord State Farm Mut. Auto. Ins. Co. v. Secrist, 33 P.3d 1272, 1275 (Colo. App. 2001) (citations omitted) (stating, "The right to recover under a policy may be forfeited only when, in violation of a policy provision, the insured fails to cooperate with the insurer in some material and substantial respect.).

Substantial and material prejudice occurs only where the insured's actions prevent the insurer from performing a reasonable investigation or leave the insurer without the means to investigate the validity of the insured's claim. *See, e.g.,* Walker v. State Farm Fire & Cas. Co., 2017 WL 1386341 at *4 (D.Colo. Feb. 23, 2017), report and recommendation adopted, 16-CV-00118-PAB-STV, 2017 WL 1386346 (D.Colo. Mar. 17, 2017) (citing Allan D. Windt, *Insurance Claims & Disputes* § 3.2 (6th ed. 2016)).

"[A]ny formal, inconsequential, or collusive lack of cooperation will be immaterial." Hansen, 779 P.2d at 1364 (citation omitted). "Likewise, what would appear at first blush to be a breach of the cooperation clause may be excused, if it

develops that the failure of the assured was due to mistake, and that there was no exercise of bad faith on his part." Id. at 1364 (citation omitted).

"The question of whether an insured failed to cooperate with the insurer is a question of fact." State Farm Mut. Auto. Ins. Co. v. Goddard, 484 P.3d 765, 775 (Colo. App. 2021) (citing Farmers Auto. Inter-Ins. Exch. v. Konugres, 119 Colo. 268, 276, 202 P.2d 959, 963 (1949)).

## C. **Application**

The District Court improperly failed to focus its summary judgment analysis on whether Auto-Owners' had demonstrated its entitlement to summary judgment on its affirmative defense of non-cooperation (which Auto-Owners' Motion for Summary Judgment was based on and was implicated under Colorado law – App. Vol. 2 at 140-46), focusing, rather, solely on Cleveland's performance element. *See, e.g.,* App. Vol. 4 at 186-87 (stating, "The sole basis for Auto-Owners' Motion is that Cleveland 'cannot prove . . . that she performed the contract or that there is some justification for nonperformance.'").[4]

Even if the District Court was within its discretion to deny Cleveland's Motion to Stay – a position the correctness of which, as demonstrated below, Cleveland vigorously disputes – the District Court was not, simply by dint of its denial of Cleveland's Motion to Stay, nevertheless free then to grant summary

---

[4] The District Court used the foregoing logic in denying Cleveland's Amended Motion to Stay. App. Vol. 4 at 186-87.

judgment to Auto-Owners without *first* determining whether Auto-Owners had met its initial burden to demonstrate that it was entitled to summary judgment.

When one dissociates the District Court's denial of Cleveland's Motion for Stay from its grant of Auto-Owners' Summary Judgment Motion, it becomes clear that the District Court erred.  The District Court's analysis demonstrates the crux of the problem. App. Vol. 4 at 184 (stating, "Auto-Owners contends that 'Ms. Cleveland cannot prove . . . that she performed the contract' – i.e., her insurance policy – because she has failed to present evidence that she satisfied the terms of the policy's cooperation clause." . . . . The Court agrees.").

Though the District Court expressly recognized that Auto-Owners was seeking summary judgment based on Cleveland's purported *failure to cooperate*[5] – which thus implicated Auto-Owners' affirmative defense and, as a corollary matter, dictated that *Auto-Owners* had the ultimate burden of persuasion vis-à-vis same – the District Court erroneously cabined its summary judgment analysis in its September 23, 2021 Order simply to *Cleveland's burden* to demonstrate that she performed or had some justification for nonperformance. App. Vol. 5 at 228-29.[6]

---

[5] This is simply beyond dispute; the lion's share of the argument Auto-Owners' Motion for Summary Judgment was *dedicated* to Colorado law vis-à-vis non-cooperation. App. Vol. 2 at 140-46.

[6] A review of the "Legal Standard" section of the September 23, 2021 Order demonstrates an important omission; that is, the District Court focused the summary judgment standard solely on a circumstance where the *moving party* did

However, proper analysis of those two distinct burdens in isolation – that is, Cleveland's burden to establish performance or justification for non-performance <u>and</u> Auto-Owners' burden to establish its non-cooperation affirmative defense – under the standard for summary judgment demonstrates the manner in which the District Court erred.

1. <u>Auto-Owners' Admissions Demonstrated Summary Judgment on Cleveland's Performance Element Was Improper</u>.

Beginning with *Cleveland's* burden of persuasion regarding the performance element – the element the District Court myopically focused upon and found determinative – Auto-Owners' Motion for Summary Judgment *expressly admitted*[7] that Cleveland *did perform* in furtherance of the contract.[8]   However, it is axiomatic that summary judgment is inappropriate in a circumstance where the party moving for summary judgment *itself* sets forth facts which demonstrate a disputed issue of material fact.[9]

---

not have the burden of persuasion at trial, completely ignoring the circumstance where the moving party *had* the burden of persuasion. App. Vol. 4 at 183.

[7] It is axiomatic that a non-moving party's reliance upon facts included in the moving party's submissions is sufficient to withstand summary judgment.  *See* <u>Ostroski v. Town of Southold</u>, 443 F. Supp. 2d 325, 333–34 (E.D.N.Y. 2006).

[8] Auto-Owners Summary Judgment Motion demonstrated that Auto-Owners' actual complaint was that it did not like *how* Cleveland performed, *not that Cleveland did not perform at all*.  *See* App. Vol. 2 at 140-146.

[9] <u>Ford v. Lumbermens Mut. Cas. Co.</u>, 197 F.R.D. 365, 366–67 (N.D. Ill. 2000), is illustrative.  In <u>Ford</u>, the District Court – bitterly expounding about the length and content of the defendants' factual statement – stated, "Even more disturbing than the intentional inclusion of immaterial facts, defendants have included obviously

In the instant case, Auto-Owners admitted in its "Undisputed Material Facts" section that Cleveland, through her attorneys, notified Auto-Owners of a possible UIM Claim (App. Vol. 2 at 131, ¶3), Cleveland's attorneys provided Auto-Owners medical records and bills (App. Vol. 2 at 132, ¶11), that Cleveland's attorneys provided a liability report for the accident (App. Vol. 2 at 135, ¶26), that Cleveland's attorneys notified Auto-Owners of the underlying lawsuit on April 22, 2019 (App. Vol. 2 at 135, ¶26), and that Cleveland provided additional information, including the deposition of Dr. Martin (medical expert specially retained by the liability defendants in the underlying litigation). App. Vol. 2 at 137, ¶37.

Taking the foregoing facts as true, as this Court must since Cleveland filed her Amended Motion to Stay in lieu of a response to Auto-Owners' Summary Judgment Motion – *see* <u>Reed v. Bennett</u>, 312 F.3d 1190, 1194-1195 (10th Cir. 2002)[10] – demonstrates that summary judgment on Cleveland's performance

---

contested facts which, once recognized as contested, effectively eliminate any hope of summary judgment." <u>Ford</u>, 197 F.R.D. at 366 (noting that the moving party's factual submissions clearly demonstrated disputed issues of material fact).

[10] As noted by this Court, "[i]f the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law." <u>Reed v. Bennett</u>, 312 F.3d 1190, 1194-1195 (10th Cir. 2002) (citing <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 160–61, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). The <u>Reed</u> Court emphasized, ". . . a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on

element was simply inappropriate as these admitted facts clearly establish that, at a minimum, disputed issues of material facts exists vis-à-vis the performance element of Cleveland's breach of contract claim.  As such, the grant of summary judgment based on this element was error in the first instance.  This Court should reverse and remand for the District Court to consider whether Auto-Owners was entitled to summary judgment on its non-cooperation affirmative defense.[11]

> 2. <u>Even If This Court, Pursuant To Its De Novo Review, Considers Whether Summary Judgment On Auto-Owners' Non-Cooperation Affirmative Defense Is Appropriate, The Facts Admitted by Auto-Owners, As Well As Other Materials In the Record, Demonstrate That Summary Judgment On Same Was Likewise Inappropriate</u>.

Addressing *Auto-Owners'* burden of persuasion regarding its affirmative defense of non-cooperation, since Auto-Owners submitted in its Summary Judgment Motion facts demonstrating a disputed issue of fact vis-à-vis Cleveland's performance element, thereby rendering summary judgment inappropriate in the first place, Auto-Owners' admissions shifted the burden to itself to demonstrate that no disputed issues of material fact existed regarding its affirmative defense of non-cooperation – which  further required Auto-Owners to demonstrate that it had been materially and substantially prejudiced. *See, e.g.,* <u>Hutchinson v. Pfeil</u>, 105

which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is "appropriate" under Rule 56." <u>Reed</u>, 312 F.3d at 1195.

[11] If this Court is going to remand on this basis, for the sake of judicial economy it should go ahead and order the District Court to consider Cleveland's belated Response to Auto-Owners' Summary Judgment Motion.

F.3d 562, 564 (10th Cir. 1997); Helm v. Kansas, 656 F.3d 1277, 1284 (10th Cir. 2011); Stoole v. Metro. Prop. & Cas. Ins. Co., No. 17-CV-0613-NYW, 2018 WL 3126112, at *1–2 (D. Colo. June 26, 2018).

As Auto-Owners' is the movant and has the burden of persuasion vis-à-vis its affirmative defense of non-cooperation, its summary judgment burden of production is significantly more arduous.  Indeed, as recognized by this Court regarding the herculean task borne by a party moving for summary judgment who concomitantly has the ultimate burden of persuasion of trial on a claim or defense, "[s]ummary judgment in favor of the party with the burden of persuasion ... is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." Leone v. Owsley, 810 F.3d 1149, 1153 (10th Cir. 2015) (citing Hunt v. Cromartie, 526 U.S. 541, 553, 119 S.Ct. 1545, 143 L.Ed.2d 731 (1999)).  "When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact . . . ." Leone, 810 F.3d at 1153 (quoting Rich v. Sec'y, Fla. Dep't of Corr., 716 F.3d 525, 530 (11th Cir. 2013)).  Similarly, such a moving party's "*showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party*." Leone, 810 F.3d at 1153 (emphasis in original) (citations omitted).  Such a moving party, "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."

Leone, 810 F.3d at 1153 (quoting Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986)). "As to those elements on which it bears the burden of proof, a [movant] is only entitled to summary judgment if the proffered evidence is such that a rational factfinder could only find for the [movant]." Leone, 810 F.3d at 1153 (quoting Smith v. Ozmint, 578 F.3d 246, 250 (4th Cir.2009)). "The party who has the burden of proof on a dispositive issue cannot attain summary judgment unless the evidence that he provides on that issue is conclusive." Leone, 810 F.3d at 1153 (quoting Torres Vargas v. Santiago Cummings, 149 F.3d 29, 35–36 (1st Cir.1988)). "[T]he evidence in the movants favor must be so powerful that no reasonable jury would be free to disbelieve it. Anything less should result in denial of summary judgment." Leone, 810 F.3d at 1153 (quoting 11 Moore's Federal Practice, § 56.40[1][c] (Matthew Bender 3d Ed. 2015).

With the foregoing in mind, Colorado's substantive law vis-à-vis Auto-Owners' failure to cooperate affirmative defense informs and guides the summary judgment procedural analysis when considering the facts admitted by Auto-Owners in its Motion for Summary Judgment.[12]  As "the right to recover under a policy

---

[12] As noted by the Anderson Court, "[a]s to materiality, the substantive law will identify which facts are material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

may be forfeited *only* when, in violation of a policy provision, the insured fails to cooperate with the insurer in some material and substantial respect," *see* <u>Secrist</u>, 33 P.3d at 1275, Auto-Owners, as the movant with the burden of persuasion on the non-cooperation affirmative defense, was required to provide conclusive evidence that it was materially and substantially disadvantaged – evidence of such quantity and magnitude that a rational factfinder could only find for the Auto-Owners. *See* <u>Leone</u>, 810 F.3d at 1153.

Just as Auto-Owners' admitted facts demonstrating that Cleveland performed under the contract rendered summary judgment inappropriate vis-à-vis Cleveland's performance element, so also Auto-Owners' admitted facts of Cleveland's performance demonstrated that summary judgment was likewise inappropriate with respect to Auto-Owners' affirmative defense of non-cooperation (for which Auto-Owners had the burden of persuasion) in any event. *See* App. Vol. 2 at 131, ¶3; App. Vol. 2 at 132, ¶11; App. Vol. 2 at 135, ¶26; App. Vol. 2 at 137, ¶37.

Other materials in the record also demonstrate that summary judgment was inappropriate on Auto-Owners' non-cooperation affirmative defense.[13] By way of

---

[13] *See* Fed. R. Civ. P. 56(c)(1)(A) and Fed. R. Civ. P. 56(c)(3), which allows the District Court to consider other materials in the record.  Additionally, in <u>Adler v. Wal–Mart Stores, Inc.</u>, 144 F.3d 664, 671 (10th Cir.1998), this Court recognized that the District Court has discretion to go beyond referenced portions of materials

example, in the stipulated Scheduling Order, Auto-Owners admitted that it was notified of Cleveland's claim (App. Vol. 1 at 108), that Cleveland's attorneys agreed to provide Auto-Owners a medical release for Cleveland (App. Vol. 1 at 109), that Cleveland's attorneys had informed Auto-Owners that they were uncertain if there would even be a underinsured motorist claim (App. Vol. 1 at 109), that the parties had agreed Auto-Owners was not bound by the result of the underlying civil trial against James, Abbey, and Prime (App. Vol. 1 at 109), and that it received medical records from Cleveland and had an expert in orthopedic medicine review same (App. Vol. 1 at 110).

Additionally, in Cleveland's Response To Defendants' Objection To Magistrate Judge Reid Neureiter's September 28, 2020 Discovery Order, filed with the Article III judge who later entered the September 23, 2021 Order and the March 31, 2022 Order, Cleveland specifically noted - relying on deposition testimony from Auto-Owners' claims adjuster Nicholas Zeman – that:

> [B]y **November 30, 2016**, Defendant was given unfettered access to communicate directly with Plaintiff's medical providers. (*See Exhibit 7, Zeman dep., 46:2-6*). Defendant had the ability to directly contact medical providers to have them send treatment notes and medical records. (*See Exhibit 8, Zeman Dep., 53: 5-25; 58: 21-24; 64: 4-23*).

---

and, further, that *this* Court has discretion to even more broadly review the record on appeal.

App. Vol. 1 at 41 (emphasis added).[14]

Based on the admissions made by Auto-Owners and other materials within the record with respect to the manner in which Cleveland performed and cooperated, one cannot say conclusively that Auto-Owners was materially and substantially disadvantaged or that a rational factfinder could only find for the Auto-Owners. The foregoing evidence forecloses the possibility that "there can be but one reasonable conclusion as to the verdict," or that "reasonable minds could not differ as to the import of the evidence." *See* <u>Anderson</u>, 477 U.S. at 250–51. Thus, even if this Court considers whether Auto-Owners met its initial burden of production on its non-cooperation affirmative defense, it should find that Auto-Owners failed to do so and summary judgment should be denied. That is even more true considering that, under Colorado law, the *presumptive* rule is that the question of whether an insured failed to cooperate is a question of fact that does not lend itself to summary judgment. *See, e.g.,* <u>Hall v. Allstate Fire & Cas. Ins. Co.</u>, 20 F.4th 1319, 1323 (10th Cir. 2021) (citing <u>Hansen v. Barmore</u>, 779 P.2d 1360, 1364 (Colo. App. 1989)). Based on the posture of the instant case and the facts admitted by Auto-Owners, this is *not* a circumstance where "'the record can

---

[14] Auto-Owners' Answer to Cleveland's lawsuit also specifically admits it received Cleveland's medical records, which were sent to an orthopedic doctor for review. App. Vol. 1 at 91. Fed. R. Civ. P. 56(c)(1)(A) and Fed. R. Civ. P. 56(c)(3) contemplates reliance upon same in ruling on summary judgment.

produce no other result' than a finding of a failure to cooperate"[15] thereby entitling Auto-Owners to summary judgment. *See* Hall v. Allstate Fire & Cas. Ins. Co., 20 F.4th 1319, 1323 (10th Cir. 2021) (citing Hansen v. Barmore, 779 P.2d 1360, 1364 (Colo. App. 1989)).

    3.  C.R.S. § 10-3-1118 Also Precludes Entry of Summary Judgment.

Finally, recently enacted Colorado statutory law *also* establishes that Auto-Owners' Motion for Summary Judgment failed to meet its initial burden to demonstrate its entitlement to relief.

C.R.S. § 10-3-1118 – which sets forth strict requirements for insurers before a non-cooperation defense may be pled *or proved* – prevents Auto-Owners from even maintaining a non-cooperation affirmative defense in any event. Section 10-3-1118 utilizes the following language:

> (1) To plead **or prove** a failure-to-cooperate defense in an action concerning an insurance policy providing first-party benefits or coverage, each of the following conditions must be met before the defense is asserted in a court of law or an arbitration:

C.R.S. § 10-3-1118(1) (emphasis added).  Auto-Owners' Motion for Summary Judgment was filed on December 14, 2020. *See* App. Vol. 2 at 127.  Section 10-3-1118 became effective on September 14, 2020. *See* C.R.S. § 10-3-1118 (credits).

---

[15] In this context, "failure to cooperate" necessarily requires establishment of the two prongs of the affirmative defense under Colorado law: "(1) "the insured fails to cooperate with  the insurer in  some  material  and  substantial respect";    and    (2)    "this failure to cooperate materially    and    substantially disadvantaged the insurer." *See* Hall, 20 F.4th at 1323 (citations omitted).

27

It is undisputed that the instant case was in litigation[16] on September 14, 2020. *See* App. Vol. 1 at 24 (establishing Notice of Removal filed on March 11, 2020).  Despite the foregoing, and despite Section 10-3-1118 becoming effective three months prior to the filing of Auto-Owners' Motion for Summary Judgment, nowhere therein does Auto-Owners set forth any facts demonstrating that it complied with the provisions of § 10-3-1118 whatsoever. *See* App. Vol. 2 at 127-47.  The foregoing is true *despite the fact that* Auto-Owners *specifically challenged the applicability of Section 10-3-1118 in – and attached a copy of* Colorado House Bill 20-1290 (2020) ("the Act*") as an exhibit to – its Objections to Magistrate Judge Reid Neuriter's September 28, 2020 Discovery Order*. *See* App. Vol. 1 at 154-55, 278-81.

As such, summary judgment on Auto-Owners' non-cooperation affirmative defense must be denied in any event for Auto-Owners' failure to comply with

---

[16] The Act which created Section 10-3-1118 states, in Subsection 2 of Section 2 of the Act: "This act applies to litigation that occurs on or after the applicable effective date of this act." CO LEGIS H.B. 20-1290 (2020), 2020 Colo. Legis. Serv. H.B. 20-1290 (WEST).  Nevertheless, the foregoing language does not foreclose Section 10-3-1118's applicability to the instant case based on the plain language of the statute.  Admittedly, Auto-Owners had pled the non-cooperation affirmative defense *prior* to Section 10-3-1118 becoming effective, (*see* App. Vol. 1 at 92-93, ¶ 4); however, even though that be true, since the instant case was in litigation when Section 10-3-1118 became effective on September 14, 2020, Auto-Owners was thereafter precluded from *proving* the non-cooperation affirmative defense unless and until it complied with the strict requirements of the statute.  It did not and, more importantly, its Summary Judgment Motion does not demonstrate that it did so comply.

Section 10-3-1118.

## II. THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT DENIED CLEVELAND'S AMENDED MOTION FOR STAY PURSUANT TO FED. R. CIV. P. 56(d)

**ISSUE RAISED:**  App. Vol. 3 at 68-75.

**ISSUE RULED UPON:**  App. Vol. 4 at 186-88.

### <u>Standard of Review</u>

This Court reviews the District Court's denial of a Rule 56(d) motion for an abuse of discretion. *See* <u>Trans–Western Petrol., Inc. v. United States Gypsum Co.</u>, 830 F.3d 1171, 1175 (10th Cir. 2016); <u>accord</u> <u>Ellis v. J.R.'s Country Stores, Inc.</u>, 779 F.3d 1184, 1192 (10th Cir. 2015).

### A.    <u>Abuse of Discretion, Generally</u>

"A district court abuses its discretion when it (1) fails to exercise meaningful discretion, such as acting arbitrarily or not at all, (2) commits an error of law, such as applying an incorrect legal standard or misapplying the correct legal standard, or (3) relies on clearly erroneous factual findings. <u>Farmer v. Banco Popular of N. Am.</u>, 791 F.3d 1246, 1256 (10th Cir. 2015) (citation omitted).  "[D]iscretion does not excuse a court's failure to exercise any discretion, nor does it save an unpermitted exercise of discretion from reversal." <u>United States v. Hartley</u>, 34 F.4th 919, 928 (10th Cir. 2022) (quoting <u>Ohlander v. Larson</u>, 114 F.3d 1531, 1537 (10th Cir. 1997)).  "A finding of fact is clearly erroneous if it is without factual

support in the record or if, after reviewing all of the evidence, we are left with the definite and firm conviction that a mistake has been made." In re Vaughn, 765 F.3d 1174, 1180 (10th Cir. 2014) (internal quotation marks omitted).  Further, a district court abuses its discretion when it "venture[s] beyond the limits of permissible choice under the circumstances," or "issues . . . [a] manifestly unreasonable judgment." Birch v. Polaris Indus., Inc., 812 F.3d 1238, 1247 (10th Cir. 2015) (citations omitted).

### B.     **Fed. R. Civ. P. 56(d) Generally**.

As noted by this Court, "Rule 56(d) allows the nonmovant to 'show[ ] by affidavit or declaration that, for specified reasons, [she] cannot present facts essential to justify ... opposition [to a motion for summary judgment].'" Ellis, 779 F.3d at 1206 (citing Fed. R. Civ. P. 56(d)).  "'Unless dilatory or lacking in merit,' a party's 56[(d)] application 'should be liberally treated.'" Jensen v. Redevelopment Agency of Sandy City, 998 F.2d 1550, 54 (10th Cir. 1993) (internal quotation marks and citations omitted).  "'[S]ummary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Ellis, 779 F.3d at 1206 (quoting Anderson, 477 U.S. at 250 n. 5.

"'[S]ufficient time for discovery is especially important when relevant facts are exclusively in the control of the opposing party." Adams v. C3 Pipeline Constr.

Inc., 30 F.4th 943, 968 (10th Cir. 2021) (citation omitted). "[S]ummary judgment should not be based on the deposition or affidavit of an interested party as to the facts known only to him . . . ." Adams, 30 F.4th at 968 (citation omitted). This Court has generally recognized that, "a district court should decide a Rule 56(d) request before deciding summary judgment." Wilson v. Vill. of Los Lunas, 572 F. App'x 635, 639 (10th Cir. 2014) (citing 11 Moore's Federal Practice, § 56.101[4] (Matthew Bender 3d Ed.)(noting that the courts and parties may avoid duplicative effort if the court quickly rules on a Rule 56(d) motion); Patty Precision v. Brown & Sharpe Mfg. Co., 742 F.2d 1260, 1265 (10th Cir. 1984) (noting that in that circumstance, "the correct disposition of the matter merely require[d] the court to rule on the motions pending before it")).

**C.    Application**

Neither of the two reasons proffered by the District Court to support the denial of Cleveland's Amended Motion to Stay withstand review.

1.  The District Court Abused Its Discretion By Committing An Error Of Law.

The first reason, as noted above, was that Cleveland needed no discovery to respond to Auto-Owners' contention that Cleveland "cannot prove . . . that she performed the contract or that there is some justification for nonperformance." App. Vol. 4 at 186-87. The District Court's legal error vis-à-vis the grant of summary judgment is addressed in Section I, *supra*; same will not be restated here.

Nevertheless, such a legal error demonstrates an abuse of discretion. *See* United States v. Soussi, 316 F.3d 1095, 1108 (10th Cir. 2002); *see also* Hayes v. SkyWest Airlines, Inc., 12 F.4th 1186, 1194 (10th Cir. 2021). To the extent that denial of Cleveland's Amended Motion to Stay rested upon the foregoing reason, same should be reversed.

2. The District Court Abused Its Discretion By Committing A Clear Error Of Fact.

The District Court also denied Cleveland's Amended Motion to Stay based on an erroneous point of fact – that Cleveland had only requested a stay until the completion of the Fed. R. Civ. P. 30(b)(6) deposition of Auto-Owners. App. Vol. 4 at 187. The foregoing represents clear factual error and an abuse of discretion.

Cleveland did not, in her Amended Motion to Stay, seek an extension until the Fed. R. Civ. P. 30(b)(6) deposition of Auto-Owners was complete. Rather, Cleveland requested an extension until twenty days after the completion of discovery. App. Vol. 3 at 72 (stating, "Plaintiff further requests that her Response to Defendant's Motion be due twenty (20) days after the completion of discovery in the case."); accord App. Vol. 3 at 71 (seeking deferment until after "completion of Defendant's 30(b)(6) deposition, and additional discovery expected to arise out of information gathered in the deposition."). As the foregoing demonstrates, Cleveland did, in fact, request an extension of time to respond to Auto-Owners' Motion for Summary Judgment *until twenty days after the completion of*

32

*discovery*;[17] not, as erroneously found by the District Court, solely until after the completion of the Fed. R. Civ. P. 30(b)(6) deposition of Auto-Owners. *See* App. Vol. 4 at 187.

By any stretch of the imagination, such a finding by the District Court – that Cleveland only requested an extension until the completion of the Fed. R. Civ. P. 30(b)(6) deposition – reflects a clear error of fact, and, therefore, an abuse of discretion, as "the relevant discovery" was *not* completed. Moreover, denial of the Amended Motion to Stay on this basis was manifestly unreasonable judgment in light of all the circumstances.[18] As noted in Cleveland's Motion for Reconsideration:

> Undersigned had to do discovery before responding to Defendant's noncooperation affirmative defense because it is not within the realm of knowledge of Undersigned nor Plaintiff how Defendant had been materially and substantially prejudiced by any alleged nonperformance of Plaintiff vis-à-vis liability or damages.

---

[17] When the District Court entered its September 23, 2021 Order, discovery had been extended to October 31, 2021. App. Vol. 4 at 174.

[18] Cleveland sought an extension beyond the end of discovery because, despite the District Court ultimately – and erroneously – tethering its analysis solely to Cleveland's burden of persuasion regarding her performance element, Auto-Owners' Motion for Summary Judgment was demonstrably founded upon its non-cooperation affirmative defense – for which Auto-Owners had the burden of persuasion, *see* App. Vol. 2 at 140-46, and Cleveland required discovery of facts vis-à-vis *how* Auto-Owners contended it was materially and substantially disadvantaged (for example, through the Fed. R. Civ. P. 30(b)(6) deposition) *as well as to refute Auto-Owners' contentions* (for example, through depositions of other witnesses, including experts) when responding to the Motion for Summary Judgment.

App. Vol. 4 at 200.[19]

Therefore, to the extent that the District Court's denial of Cleveland's Amended Motion to Stay rested upon the foregoing, same should be reversed

### 3. The District Court Abused Its Discretion By Failing To Exercise Its Discretion.

Finally, in light of all of the circumstances, the District Court abused its discretion by not timely ruling on Cleveland's Amended Motion to Stay.

Auto-Owners filed its Motion for Summary Judgment on December 14, 2020. App. Vol. 2 at 185. Cleveland promptly – *and well within the time for responding to Auto-Owners' Motion for Summary Judgment* – filed her Amended Motion to Stay on January 5, 2021.[20] App. Vol. 3 at 68. The District Court did not rule on the Amended Motion to Stay or Auto-Owners' Motion for Summary Judgment until September 23, 2021. App. Vol. 4 at 182. The District Court did not exercise any discretion with respect to Cleveland's Amended Motion to Stay for nine months and eighteen days and, when it finally did exercise its discretion, it

---

[19]This Court should note that, contemporaneous with the filing of Cleveland's Motion to Reconsider, Cleveland also filed her Response to Defendant's Motion for Summary Judgment with the information she had in her possesion at that time. App. Vol. 5 at 112-132. As the District Court denied Cleveland's Motion for Reconsideration, it does not appear that the District Court ever actually considered Cleveland's belated Response.

[20] Cleveland filed her initial (not Amended) Motion to Stay on January 4, 2021. App. Vol. 3 at 62.

summarily denied the Amended Motion to Stay and granted Auto-Owners' Motion for Summary Judgment.

This Court will recall that 2020 was the first year of the worldwide COVID-19 pandemic. To say that the pandemic world was different than anything anyone in our lifetimes had ever seen is to fail to do justice to the manner in which the pandemic altered every facet of human life. *See, e.g.,* Robert Denton and Tynin Fries, *Coronavirus Timeline: An in-depth look at COVID-19 in Colorado*, April 8, 2020, https://www.denverpost.com/2020/04/08/colorado-coronavirus-covid-timeline/. As is particularly relevant here, as a result of the pandemic, courthouses closed, court and other legal industry employees got sick and/or died and/or were forced to stay home, trials were continued, deadlines were extended, backlogs sprang into existence, appearances, hearings, oral arguments, meetings, and depositions were conducted through the use of streaming services. The U.S. District Court for Colorado also significantly changed its procedures. *See, e.g.,*

http://www.cod.uscourts.gov/Portals/0/Documents/Orders/GO_2020-1_COVID-19_Restrictions.pdf;

http://www.cod.uscourts.gov/Portals/0/Documents/Orders/GO_2020-2_Court_Operations.pdf;                                              ,

http://www.cod.uscourts.gov/Portals/0/Documents/Orders/GO_2020-3_Court_Operations.pdf;

http://www.cod.uscourts.gov/Portals/0/Documents/Orders/GO_2020-
6_Court_Operations.pdf.

As a result of the pandemic, normal life – *normal activities* – simply stopped or were severely limited.  As the Court will recall, the upheaval of the pandemic continued into 2021 – while the vaccines slowly rolled out in phases – and, in some ways, still continues today.  As such, based on the nature of the pandemic and the dramatic upheaval the world was suffering, it was not surprising to Cleveland's Counsel that the District Court had not ruled on the Amended Motion to Stay as 2021 progressed.  The world was still under the pall of the pandemic.  Cleveland had filed her Amended Motion to Stay, supported by affidavit, seeking additional time – indeed, twenty days past discovery – to respond to the Motion for Summary Judgment.  Moreover, Cleveland was not dilatory and did not act in bad faith during the intervening nine months between January 5, 2020 and September 23, 2021; rather, Cleveland engaged in discovery and, based on availability of witnesses and other considerations, got stipulated or unopposed extensions of the discovery deadlines.[21]  *See* App. Vol. 4 at 136; App. Vol. 4 at 138;

---

[21] There was also a discovery dispute which significantly delayed Cleveland's ability to take the Fed. R. Civ. P. 30(b)(6) deposition of Auto-Owners which was not resolved until March 3, 2021.  *See* App. Vol. 4 at 116.  Delay was also engendered due to Auto-Owners' request for a protective order vis-a-vis Cleveland's Fed. R. Civ. P. 30(b)(6) notice. *See* App. Vol. 148-71.

App. Vol. 4 at 142; App. Vol. 4 at 144-45; App. Vol. 4 at 172-73; App. Vol. 4 at 174.

In light of the foregoing, the District Court abused its discretion in summarily denying Cleveland's Amended Motion to Stay and granting summary judgment to Auto-Owners after the nine-month delay during which the District Court exercised no discretion at all. Considering all the circumstances, and the liberal treatment with which Fed. R. Civ. P. 56(d) motions are to be treated – *see* Jensen, 998 F.2d at 1554 – the District Court issued a manifestly unreasonable judgment in denying the Amended Motion to Stay and summarily granting summary judgment in the face of the demonstrated need for the discovery, the merit of the Amended Motion to Stay, information with respect to how Auto-Owners was materially and substantially prejudiced was within the control of Auto-Owners itself, information to rebut Auto-Owners' claimed material and substantial disadvantage were within the control of Auto-Owners or possessed by other witness, *and Cleveland actively litigated the discovery in the case. See, e.g.,* Patty Precision v. Brown & Sharpe Mfg. Co., 742 F.2d 1260, 1265 (10th Cir. 1984).

This Court should reverse the District Court's September 23, 2021 Order denying Cleveland's Amended Motion to Stay and remand to the District Court

with directions to consider Cleveland's Response to Auto-Owner's Motion for Summary Judgment – *see* App. Vol. 5 at 112-132 – and the exhibits thereto.

### III. THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT DENIED CLEVELAND'S MOTION FOR RECONSIDERATION BASED ON FED. R. CIV. P. 59(e).

**Issue Raised:** App. Vol. 4 at 190-204.

**Issue Ruled Upon:** App. Vol. 6 at 119-28

### Standard of Review

Fed. R. Civ. P. 59(e): This Court "review[s] a district court's ruling on a Fed. R. Civ. P. 59(e) motion under an abuse of discretion standard." Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997) (citation omitted).

### A. Relevant Standards

1. Motions to Reconsider.[22]

This Court has recognized, "[g]rounds warranting a motion to reconsider include . . . the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Id.

---

[22] The District Court correctly recognized that a party could seek reconsideration through a Fed. R. Civ. P. 59(e) motion. App. Vol. 6 at 121 (citing Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991)).

2.  <u>Fed. R. Civ. P. 59(e)</u>.

A Rule 59(e) motion may be granted "to correct manifest errors of law . . . ." <u>Phelps v. Hamilton</u>, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." <u>Servants of the Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000).

**B. <u>Application</u>**

1.  <u>Motion To Reconsider Analysis</u>.

In its March 31, 2022 Order denying Cleveland's Motion for Reconsideration, in relevant part the District Court found that Cleveland had not presented a need to correct clear error or prevent manifest injustice, (App. Vol. 6 at 123), and penalizes Cleveland for failing to raise the arguments she raised in her Motion for Reconsideration while Auto-Owners' Motion for Summary Judgment was pending. <u>Id.</u>  The District Court found no extraordinary circumstances existed that would support Cleveland presenting evidence the District Court believed was available to Cleveland while the Motion for Summary Judgment was pending. *See* App. Vol. 6 at 124.  These findings make little logical, legal, or practical sense in light of the procedural history and the fact that Auto-Owners' Motion for Summary Judgment was based on its non-cooperation affirmative defense.

Cleveland filed her Amended Motion to Stay *in lieu of* filing a substantive response to Auto-Owners' Motion for Summary Judgment because *Cleveland required additional discovery to rebut Auto-Owners' non-cooperation affirmative defense*.[23]  There was no reason to raise other arguments in the Amended Motion to Stay or otherwise because, prior to filing the Amended Motion to Stay, Cleveland did not know, and could not have known in advance, that the District Court would grant Auto-Owners' Motion for Summary Judgment based on Cleveland's performance element by expressly ignoring:  1) facts admitted by Auto-Owners that clearly established Cleveland performed – or, at least, substantially performed;[24] and, 2) Auto-Owners' burden vis-à-vis its failure to cooperate

---

[23] This Court may *perceive* some logical inconsistency in that Cleveland filed her Amended Motion to Stay to obtain additional discovery but has also argued summary judgment was inappropriate in the first place based on Auto-Owners' admissions that Cleveland performed.  There is no inconsistency.  Auto-Owners' Motion for Summary Judgment was based upon its non-cooperation affirmative defense and Cleveland moved for a stay to get discovery to rebut that defense.  That summary judgment was inappropriate against Cleveland vis-a-vis her burden to establish her performance element is a consideration completely distinct from whether Cleveland required discovery to rebut the non-cooperation defense.

[24] As demonstrated, *infra*, *any* failure to perform *any* aspect of the contract on Cleveland's part does not entitle Auto-Owners to repudiate the contract and refuse to perform its obligations to provide coverage. *See* Hansen, 779 P.2d at 1364; Secrist, 33 P.3d at 1275; *see also* COLJI-CIV (2022) 30:10 – CONTRACT PERFORMANCE – BREACH OF CONTRACT – ELEMENTS OF LIABILITY; COLJI-CIV (2022), as well as Notes on Use No. 3 to same; COLJI-CIV (2022) 30:11 – CONTRACT PERFORMANCE – BREACH OF CONTRACT DEFINED; COLJI-CIV (2022) 30:12 – CONTRACT PERFORMANCE – SUBSTANTIAL PERFORMANCE.  Under Colorado law, whether a contract has been substantially

affirmative defense. However, that the District Court *did* ignore disputed issues of fact in Auto-Owners' Motion for Summary Judgment vis-à-vis Cleveland's performance element <u>and</u> did fail to examine Auto-Owners' Motion for Summary Judgment to ensure it had met its initial burden of production with regard to its affirmative defense and then subsequently rely on this reasoning to deny Cleveland's Amended Motion to Stay *do* represent clear error and manifest injustice which demonstrate proper grounds for a motion to reconsider.

As Cleveland has asserted throughout, it *was* clear error – and, additionally, therefore manifestly unjust – for the District Court to grant summary judgment on Cleveland's performance element <u>where</u> Auto-Owners expressly admitted that Cleveland performed in its Motion for Summary Judgment <u>while</u> simultaneously ignoring Auto-Owners' failure to cooperate affirmative defense and the concomitant summary judgment standard associated with having the ultimate burden of persuasion on that defense. There can be no other reasonable interpretation of the District Court's actions. As noted by the United States Circuit Court of Appeals for the Ninth Circuit, a party moving for summary judgment must offer evidence sufficient to support finding upon every element of his claim

---

performed is ordinarily a question for the jury. *See* <u>Zambakian v. Leson</u>, 234 P. 1065, 1066 (1925).

for relief, *except those elements admitted by his adversary*. See <u>Lockwood v. Wolf</u> <u>Corp.</u>, 1980, 629 F.2d 603 (9th Cir. 1980). Based on Auto-Owners' admissions, Cleveland had no burden to offer evidence vis-à-vis her performance element and the burden shifted to Auto-Owners to prove to the directed verdict standard that it had been materially and substantially disadvantaged. Therefore, to the extent that the District Court relied upon the contention that Cleveland did not require any discovery to respond to Auto-Owners' Motion for Summary Judgment as grounds for denying Cleveland's Amended Motion to Stay, same represents clear error and manifest injustice.

Thus, to the extent that the District Court denied Cleveland's Motion for Reconsideration on the foregoing grounds, same are legally infirm and the District Court abused its discretion be failing to grant Cleveland's Motion to Reconsider.

2. <u>Fed. R. Civ. P. 59(e) Analysis</u>.

The District Court denied Cleveland's Motion for Reconsideration under Fed. R. Civ. P. 59(e) based on five grounds, none of which it found presented a proper basis for reconsideration: 1) Cleveland did not present a need to correct a clear error or prevent manifest injustice (App. Vol. 6 at 123); 2) Cleveland attempted to present evidence that was available to her when the motion for summary judgment was pending (App. Vol. 6 at 123); 3) Cleveland argued that the Court should have considered Auto-Owners' affirmative defenses in its September

42

23, 2021 Order (App. Vol. 6 at 123); 4) the District Court declined to revisit issues it had already addressed (App. Vol. 6 at 124); and 5) the discovery cut-off was not material to the District Court's September 23, 2021 Order because it determined that Cleveland required no additional discovery to respond vis-à-vis Cleveland's performance element. App. Vol. 6 at 125.[25]

With respect to "revisit[ing] issues it had already addressed," the District Court stated:

> . . . [C]ontrary to Plaintiff's assertion, Defendant did not make "admissions" in its motion for summary judgment that would preclude the Court's Order. The Court has already evaluated Defendant's motion for summary judgment and determined that Defendant "demonstrated that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law.

App. Vol. 6 at 124.  The foregoing finding is manifestly unjust as same defies any reasonable reading of Auto-Owners' Motion for Summary Judgment, as Cleveland has demonstrated *infra*, and represents a clear error as the District Court misapprehended the controlling law vis-à-vis the relative summary judgment burdens of persuasion.  As such, the District Court abused its discretion in denying Cleveland's Motion for Reconsideration based on these grounds.  Auto-Owners *clearly* admitted performance on the part of Cleveland, the burden shifted to Auto-Owners, and the District Court's September 23, 2021 Order *never* addressed the

---

[25] Cleveland has addressed the District Court's arguments (1) – (3) in Section III.(B)(1), *supra*, and will not address same again here.

admissions vis-à-vis performance made by Auto-Owners or the changed summary judgment standard and burden-shifting to Auto-Owners based upon its affirmative defense, or determined that Auto-Owners, as the party with the burden of persuasion on its affirmative defense, had met its initial burden of production.

Finally, with respect to the District Court's finding that the discovery cut-off was not material to its September 23, 2021 Order because Cleveland did not require additional discovery, same likewise represents clear error constituting an abuse of discretion as demonstrated otherwise, *infra*. However, to briefly recap, Auto-Owners admitted Cleveland performed in its Motion for Summary Judgment which shifted the burden to Auto-Owners to prove to the directed verdict standard it had been materially and substantially disadvantaged, Auto-Owners Motion for Summary Judgment was – part and parcel – based upon its failure to cooperate affirmative defense, Cleveland required additional discovery to rebut any allegation Auto-Owners was materially and substantially disadvantaged, and *Cleveland expressly requested an extension to twenty days beyond the close of discovery in the Amended Motion to Stay*.[26]

As demonstrated, *infra*, the District Court clearly misapprehended facts and the controlling law <u>and</u> made manifest errors of law in its September 23, 2021

---

[26] Curiously, and erroneously, the District Court's March 31, 2022 Order states, "[c]ontrary to Plaintiff's new argument, Plaintiff did not request a motion to stay until after *all* discovery was completed." App. Vol. 7 at 269. This is also clear error of fact which demonstrates an abuse of discretion. *See* App. Vol. 3 at 281-82.

Order.  Therefore, Fed. R. Civ. P. 59(e) relief was warranted vis-à-vis a motion to reconsider, and the District Court abused its discretion in its March 31, 2022 Order denying Cleveland's Motion for Reconsideration.

## CONCLUSION

Auto-Owners' Motion for Summary Judgment was based on Auto-Owners' non-cooperation affirmative defense.  Nevertheless, the District Court committed reversible error by granting summary judgment to Auto-Owners based on Cleveland's performance element – for which Cleveland had the burden of persuasion – where facts admitted by Auto-Owners in its Motion for Summary Judgment demonstrated at a minimum disputed issues of material fact on that element.  Therefore, this Court should REVERSE the District Court's September 23, 2021 grant of summary judgment to Auto-Owners and REMAND for the District Court to consider whether Auto-Owners was entitled to summary judgment on its non-cooperation affirmative defense; and/or

If this Court decides under its de novo review to consider whether Auto-Owners was nevertheless entitled to summary judgment on its affirmative defense, this Court should find that Auto-Owners' admissions as well as other materials in the record demonstrate that Auto-Owners has not met its burden for summary judgment as the moving party and REVERSE the District Court's September 23,

2021 grant of summary judgment and REMAND to the District Court for further proceedings consistent with the opinion of the Court; and/or

If this Court decides under its de novo review that Auto-Owners failed to establish it complied with C.R.S. § 10-3-1118 prior to attempting to prove its failure to cooperate defense, REVERSE the District Court's September 23, 2021 grant of summary judgment to Auto-Owners where and REMAND to the District Court for further proceedings consistent with this Court's opinion; and/or

This Court should find that the District Court abused its discretion in denying Cleveland's Amended Motion for Stay as the Court's decision was, in the first instance, based on errors of law and fact and, as such, resulted in a manifestly unreasonable judgment based on all of the circumstances. Additionally, the District Court's Order was an abuse of discretion for lack of exercise of discretion under the circumstances. As such, this Court should REVERSE the District Court's September 23, 2021 Order denying Cleveland's Amended Motion to Stay and REMAND to the District Court for the District Court to consider Cleveland's belated Response to Auto-Owners Motion for Summary Judgment; and/or

This Court should find that the District Court abused its discretion in denying Cleveland's Motion for Reconsideration based Fed. R. Civ. P. 59(e) where the District Court failed to alter or amend its judgment in the September 23, 2021 Order to correct clear error or prevent manifest injustice where the District Court

had misapprehended the facts and the controlling law by denying Cleveland's Amended Motion to Stay.  As such, this Court should REVERSE the District Court's March 31, 2022 Order and REMAND to the District Court to consider Cleveland's belated Response to Auto-Owners' Motion for Summary Judgment.

## **Relief Requested**

Plaintiff-Appellant Cleveland requests that this Court:

1.      Find that genuine disputed issues of material fact exist with respect to Cleveland's performance element and REVERSE the District Court's September 23, 2021 grant of summary judgment to Auto-Owners and REMAND for the District Court to consider whether Auto-Owners was entitled to summary judgment on its non-cooperation affirmative defense (If this Court is going to remand to the District Court on this ground, for the sake of judicial economy this Court should order the District Court to consider Cleveland's belated Response to Auto-Owners' Motion for Summary Judgment); and/or

2.      Find that Auto-Owners' admissions as well as other materials in the record and/or C.R.S. § 10-3-1118 demonstrate that Auto-Owners has not met its burden for summary judgment as the moving party with the ultimate burden of persuasion, REVERSE the District Court's September 23, 2021 grant of summary judgment, and REMAND to the District Court for further proceedings consistent with the opinion of the Court; and/or

3.      Find that the District Court abused its discretion in denying Cleveland's Amended Motion to Stay and REVERSE the District Court's September 23, 2021 Order denying Cleveland's Amended Motion to Stay and REMAND to the District Court for the District Court to consider Cleveland's belated Response to Auto-Owners Motion for Summary Judgment; and/or;

4.      Find that the District Court abused its discretion in denying Cleveland's Motion for Reconsideration based Fed. R. Civ. P. 59(e) and REVERSE the District Court's March 31, 2022 Order and REMAND to the District Court to consider Cleveland's belated Response to Auto-Owners' Motion for Summary Judgment; and

REMAND the instant case to the District Court for further proceedings consistent with the order of this Court.

## STATEMENT OF COUNSEL AS TO ORAL ARGUMENT

Oral argument is necessary in this case due to the relatively complex intersection of the substantive contract and insurance legal standards combined with the rather complicated procedural posture concerning the District Court's simultaneous grant and denial of summary judgment and denial of a long-pending Amended Motion for Stay summary judgment – followed by the denial of reconsideration. Further, the factual record is voluminous, such that argument by counsel will aid the Court in the application of the relevant portions of the record

to the legal arguments presented.    In light of the foregoing, Plaintiff-Appellant

Cleveland respectfully requests oral argument.

**RESPECTFULLY SUBMITTED** this 6th day of July 2022.

BY:

BACHUS & SCHANKER, LLC

s/ J. Kyle Bachus
J. Kyle Bachus, Esq.
Colo. Atty. Reg. No. 24441
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO  80202
Phone:  (303) 893-9800
Facsimile:  (303) 893-9900
Email:  kbachus@coloradolaw.net
*Attorney for Plaintiff-Appellant*


s/ Bastion T. Kane
Bastion T. Kane, Esq.
Colo. Atty. Reg. No. 33971
THE KANE LAW OFFICE, LLC
225 Union Blvd., Suite 150-255
Lakewood, CO  80228
Phone:  (720) 849-6954
Facsimile:  (720) 398-3310
Email:  bastion@bastionkane.com
*Attorney for Plaintiff-Appellant*

## <u>CERTIFICATE OF COMPLIANCE</u>

As required by Fed. R. App. P. 32(a)(7)(B), I hereby certify that this brief is proportionally spaced and contains 11,349 words.

Complete one of the following:

X    I relied upon my word processor to obtain the count and it is Microsoft Office Word 2016.

     I counted five characters per word, counting all characters including citations and numerals.

I certify that the information in this form is true and correct to the best of my knowledge and belief formed after reasonable inquiry.

By:   <u>s/ J. Kyle Bachus</u>
       *Attorney for Plaintiff-Appellant*


## <u>CERTIFICATE OF PRIVACY REDACTIONS</u>

I hereby certify that that no privacy redactions have been made to this brief as none were necessary.  Privacy and confidentiality redactions were made to the volumes in the Appendices and Plaintiff-Appellant Cleveland filed an unopposed motion to seal one volume of the Appendix (Volume 7) as same contained confidential records.


By:   <u>s/ J. Kyle Bachus</u>
       *Attorney for Plaintiff-Appellant*

## CERTIFICATE THAT HARDCOPIES TO BE FILED WITH THE COURT ARE EXACT COPIES OF THE VERSION SUBMITTED ELECTRONICALLY

I hereby certify that the hardcopies to be filed with the Clerk of the Court are exact copies of the version submitted electronically in Digital Form via the Court's ECF system.

By:    s/ J. Kyle Bachus
*Attorneys for Plaintiff-Appellant*

## CERTIFICATE OF DIGITAL SUBMISSION OF APPELLANT'S OPENING BRIEF

I hereby certify that the electronic submission was scanned for viruses with the most recent version of eset Internet Security, Product version 15.1.12.0, virus definitions last updated on July 6, 2022, and according to the program the electronic submission is free of viruses.

By:    s/ J. Kyle Bachus
*Attorney for Plaintiff-Appellant*

51

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of July, 2022, I electronically filed the

foregoing APPELLANT'S OPENING BRIEF with the Clerk of the Tenth Circuit

Court of Appeals using the CM/ECF system which will send notice of such filing

to all attorneys of record:

Gregory R. Giometti, Esq., Atty. Reg. No. 16868
John D. Mereness, Atty. Reg. No. 33596
Kira N. Adams, Esq., Atty. Reg. No. 52606
Giometti & Mereness, P.C.
501 S. Cherry Street, Ste. 1000
Denver, Colorado 80246
Phone: (303) 333-1957
Emails: ggiometti@giomettilaw.com
            jmereness@giomettilaw.com
            kadams@giomettilaw.com
*Attorneys for Defendant-Appellee*
*Auto-Owners Insurance Company*

By:     s/ Dawn Line Rozecki
           Litigation Practice Manager