## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

---

### Case No. 22-1109

---

SUSAN CLEVELAND,
    *Plaintiff-Appellant*,

v.

AUTO-OWNERS INSURANCE
COMPANY,
    *Defendant-Appellee.*

---

Appeal from the United States District Court
For the District of Colorado
The Honorable Christine M. Arguello
District Court Docket No. 1:20-cv-00676-CMA-NRN

---

### APPELLANT'S REPLY BRIEF

---

Bastion T. Kane, Esq.
THE KANE LAW OFFICE, LLC
225 Union Blvd., Suite 150-255
Lakewood, Colorado 80228
Phone: (720) 849-6954
Facsimile: (720) 398-3310
Email: bastion@bastionkane.com
*Attorney for Plaintiff-Appellant*

J. Kyle Bachus, Esq.
BACHUS & SCHANKER, LLC
101 W. Colfax Ave., Ste. 650
Denver, CO 80202
Phone: (303) 893-9800
Facsimile: (303) 893-9900
Email: kyle.bachus@coloradolaw.net
*Attorney for Plaintiff-Appellant*

### THE APPELLANT REQUESTS ORAL ARGUMENT.

## **<u>TABLE OF CONTENTS</u>**

**PAGE**

TABLE OF CONTENTS ………………………………………………………ii

TABLE OF AUTHORITIES ……………..……………………………………iv

REPLY ARGUMENT …………………………………………………… 1

I.   THE DISTRICT COURT ERRED IN GRANTING AUTO-OWNERS' SUMMARY JUDGMENT MOTION …………………………………………1

   A. <u>Argument Regarding The Proper Standard Of Review</u> …………………… 1

   B. <u>The District Court Committed Error When It Granted Summary Judgment Without Determining That Auto-Owners Was Materially And Substantially Prejudiced</u> ………………………………………………………… 5

   C. <u>C.R.S. § 10-3-1118 Bars Auto-Owners From Proving That Cleveland Failed To Cooperate</u> ……………………………………………………… 8

   D. <u>The District Court's Error Satisfies The Plain Error Standard</u> …………… 10

     1.  The District Court Committed Error ………………………………….. 10

     2.  The District Court's Error Was Plain ………………………………… 11

     3.  The District Court's Plain Error Affects Cleveland's Substantial Rights ………………………………………………………………… 12

     4.  Seriously Affects The Fairness, Integrity, Or Public Reputation Of Judicial Proceedings …………………………………………………... 13

II.  THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT DENIED CLEVELAND'S AMENDED MOTION FOR STAY PURSUANT TO FED. R. CIV. P. 56(d) …………………………………………………………………..14

   A. <u>Cleveland's Fed. R. Civ. P. 56(d) Motion Satisfied The Requirements Of The Rule</u> …………………………………………....................................... 14

B. <u>The District Court's Ruling Constituted An Abuse Of Discretion</u> …………………………………………………………………… 19

C. <u>The District Court's Conclusion That Cleveland Had Completed Her Requested Discovery Constituted An Error Of Law And An Error Of Fact</u> ………………………………………………………………….. 20

D. <u>The District Court Abused Its Discretion By Not Ruling On The Fed. R. Civ. P. 56(d) Motion For Over Nine Months</u> …………………………………… 23

III. THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT DENIED CLEVELAND'S MOTION FOR RECONSIDERATION BASED ON FED. R. CIV. P. 59(e) …………………………………………………………… 27

SIGNATURE BLOCK …………………………………………………….. 27

CERTIFICATE OF COMPLIANCE ………….…………………………….29

CERTIFICATE OF PRIVACY REDACTIONS………………………………29

CERTIFICATE THAT HARDCOPIES TO BE FILED WITH THE COURT ARE EXACT COPIES OF THE VERSION SUBMITTED ELECTRONICALLY…...30

CERTIFICATE OF DIGITAL SUBMISSION OF APPELLANT'S OPENING BRIEF ………….…………………………………………………………...30

CERTIFICATE OF SERVICE ..…………………………………….........31

# TABLE OF AUTHORITIES

## CASES

Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998) .......................4

Ahmadi v. Allstate Ins. Co., 22 P.3d 576 (Colo. App. 2001)..................................12

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ...............................................................................................15

Beaudry v. Corr. Corp. of Am., 331 F.3d 1164, 1166 n. 3 (10th Cir. 2003)............3

Birch v. Polaris Indus., Inc., 812 F.3d 1238, 1247 (10th Cir. 2015) ......................23

Celotex Corp. v. Catrett, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986) ...............................................................................................11

Comm. for the First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir. 1992)................................................................................................................ 14, 15

Ellis v. J.R.'s Country Stores, Inc., 779 F.3d 1184, 1192 (10th Cir. 2015) ............14

Est. of Todashev by Shibly v. United States, 815 F. App'x 446, 453 (11th Cir. 2020)................................................................................................................ 15, 26

Farmer v. Banco Popular of N. Am., 791 F.3d 1246, 1256 (10th Cir. 2015)..........21

Ford v. Lumbermens Mut. Cas. Co., 197 F.R.D. 365, 366–67 (N.D. Ill. 2000) .....12

Hansen v. Barmore, 779 P.2d 1360, 1364 (Colo. App. 1989)...................... 6, 12, 24

Helget v. City of Hays, Kansas, 844 F.3d 1216, 1226 (10th Cir. 2017) ..................4

Helm v. Kansas, 656 F.3d 1277, 1284 (10th Cir. 2011).........................................12

Hutchinson v. Pfeil, 105 F.3d 562, 564 (1997) ......................................................12

In re Gold Res. Corp. Sec. Litig., 776 F.3d 1103, 1119 (10th Cir. 2015) ................3

iv

In re: Gloria Jean Cannady, Debtor. Josue Zanicay Perez Ortega, Plaintiff-Appellee, v. Gloria Jean Cannady, Defendant-Appellant., No. 20-CV-03151-PAB, 2021 WL 3726200, at *2 (D. Colo. Aug. 23, 2021) ....................................3

Ingram v. Werholz, No. 21-1170, 2022 WL 2317849, at *6 (10th Cir. June 28, 2022) (unpublished) ............................................................1

Jones v. City and County of Denver, Colo., 854 F.2d 1206, 1210 (10th Cir. 1988) ....................................................................................................15

Marin v. King, 720 F. App'x 923, 941 (10th Cir. 2018) ....................................4, 10

Ostroski v. Town of Southold, 443 F. Supp. 2d 325, 333–34 (E.D.N.Y. 2006) .....12

Price ex rel. Price v. W. Res., Inc., 232 F.3d 779, 783 (10th Cir. 2000).......... 15, 18

Reed v. Bennett, 312 F.3d 1190, 1194-1195 (10th Cir. 2002) ................................11

State Farm Mut. Auto. Ins. Co. v. Secrist, 33 P.3d 1272, 1275 (Colo. App. 2001)..6

Tucker v. Allstate Prop. & Cas. Ins. Co., 2021 WL 1165538, at *6–8 (D. Colo. Mar. 26, 2021)..............................................................................9

United States v. Chavez-Morales, 894 F.3d 1206, 1214 (10th Cir. 2018) ...............5

United States v. Faulkner, 950 F.3d 670, 678 (10th Cir. 2019) .............................11

United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir. 2005) ................13

United States v. Isabella, 918 F.3d 816, 844–45 (10th Cir. 2019) ...........................5

United States v. MacKay, 715 F.3d 807, 831–32 (10th Cir. 2013)...........................5

United States v. Pabon, 819 F.3d 26, 33–34 (1st Cir. 2016) ....................................5

United States v. Pacheco-Donelson, 893 F.3d 757, 759–60 (10th Cir. 2018)...........5

United States v. Yurek, 925 F.3d 423, 444 (10th Cir. 2019)....................................5

<u>United States v. Zander</u>, 794 F.3d 1220, 1233 n.5 (10th Cir. 2015) .........................5

<u>Utah Physicians for a Healthy Env't v. Diesel Power Gear, LLC</u>, 21 F.4th 1229, 1252 (10th Cir. 2021)...........................................................................................11

<u>Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.</u>, 616 F.3d 1086, 1096 (10th Cir. 2010) ............................................................................................. 14, 16

<u>S</u><small><u>TATUTES</u></small>

C.R.S. § 10-3-1118 ..................................................................... ii, 8, 9, 11, 12, 13, 14

C.R.S. § 10-3-1118 (credits) ........................................................................................9

C.R.S. § 10-3-1118(1).................................................................................................9

<u>R</u><small><u>ULES</u></small>

Fed. R. Civ. P. 30(b)(6)............................................................................ 17, 18, 19, 20

Fed. R. Civ. P. 56 .....................................................................................................12

FED. R. CIV. P. 56(d).......................ii, 2, 3, 4, 14, 15, 18, 19, 20, 21, 22, 23, 24, 26

Fed. R. Civ. P. 56(f) ..................................................................................................15

FED. R. CIV. P. 59(e) ................................................................................... iii, vi, 27

<u>T</u><small><u>REATISE</u></small><u>s</u>

James W. Moore & Jeremy C. Wicker, <i>Moore's Federal Practice</i> ¶ 56.24 (1988).... ……………………………………………………………………………………… 15

## REPLY ARGUMENT

## I. THE DISTRICT COURT ERRED IN GRANTING AUTO-OWNERS' SUMMARY JUDGMENT MOTION[1]

### A. Argument Regarding The Proper Standard Of Review

Auto-Owners agrees that this Court generally reviews the district court's grant of summary judgment under a *de novo* standard. *See* Answer Brief, p. 39. However, relying upon an unpublished opinion issued approximately one week prior to Cleveland filing her Opening Brief – *see* <u>Ingram v. Werholz</u>, No. 21-1170, 2022 WL 2317849, at *6 (10th Cir. June 28, 2022) (unpublished) – Auto-Owners argues that "where a nonmovant fails to respond to a motion for summary judgment, 'all of [her] arguments challenging the grant of summary judgment are new on appeal' and the Court reviews such new arguments 'only for plain error.'" *See* Answer Brief, p. 39. Auto-Owners then argues, "when a party does not argue for plain-error review of new arguments, that party waives appellate review of those arguments." Answer Brief, p. 41, <u>citing</u> <u>Ingram</u>, 2022 WL 2317849, at *6.

Indeed, the <u>Ingram</u> Court held that, on appeal, "because Mr. Ingram has not addressed whether his summary-judgment arguments satisfy the plain-error doctrine, we must find those arguments waived." *See* <u>Ingram</u>, 2022 WL 2317849, at *6. Relying upon the foregoing, and in response to Cleveland's arguments

---

[1] Cleveland responds to Auto-Owners' first two arguments in the order in which Cleveland initially made her arguments in her Opening Brief rather than in the reverse order chosen by Auto-Owners in its Answer Brief.

regarding the correct framework this Court must employ vis-à-vis summary judgment, Auto-Owners' asserts that, "[m]oreover, Cleveland has not argued for plain-error review. Thus, this argument has been waived." Answer Brief, p. 54 (emphasis added). The foregoing argument should be rejected. Moreover, this Court should eschew any reliance upon <u>Ingram</u> and its application of the plain error doctrine to appellate review of summary judgment, at least insofar as such appellate review is the direct result of a district court denying a Fed. R. Civ. P. 56(d) motion while simultaneously granting summary judgment.

The foregoing is true because, by definition, a party who is required to file a motion pursuant to Fed. R. Civ. P. 56(d) has responded to a motion for summary judgment in a manner provided by Fed. R. Civ. P. 56 and is *prevented* from adequately responding to a motion for summary judgment – not for any reason attributable to the party itself, but rather precisely because necessary facts are *unavailable* to the party.

Additionally, as recognized as late as a year ago by the United States District Court for the District of Colorado – in reliance upon guidance from this Court:

> However, "relief under Rule 56(d) is not automatic," *Ceverny*, 855 F.3d at 1110 (citation omitted), and is an alternative relief that is waived where a party responds to a motion for summary judgment. *Pasternak v. Lear Petroleum Expl., Inc.*, 790 F.2d 828, 833 (10th Cir. 1986) ("The protection afforded by [Rule 56(d)] is an alternative to a response in opposition to summary judgment under [56(c)] and is designed to safeguard against a premature or improvident grant of summary judgment."); *Villa v. Bd. of Cnty.*

*Comm'rs of Cnty. of Arapahoe*, 931 F.2d 900 (Table), 1991 WL
70714, at *4 (10th Cir. 1991) ("[Rule 56(d)] may be used only as an
alternative to the filing of a brief and answer under [Rule 56(c)]. And
when, as here, a party has responded to a summary judgment motion
under [Rule 56(c)], that party waives any option it may have had to
proceed under [Rule 56(d)]."). Because debtor filed a substantive
response to plaintiff's summary judgment motion, the Court finds no
error in the bankruptcy court not considering her Rule 56(d) argument
to the extent that she raised such an argument. *See* R. 1 at 69–71.

<u>In re: Gloria Jean Cannady, Debtor. Josue Zanicay Perez Ortega, Plaintiff-
Appellee, v. Gloria Jean Cannady, Defendant-Appellant.</u>, 2021 WL 3726200, at *2
(D. Colo. Aug. 23, 2021). Cleveland could not file a substantive response to the
summary judgment motion *and* also file a motion pursuant to Fed. R. Civ. P. 56(d)
to respond to the non-cooperation affirmative defense portion of the summary
judgment motion; she had to elect.[2]

---

[2] Admittedly, Cleveland did not raise this argument in her Opening Brief.
However, this argument is provided in direct response to Auto-Owners' contention
in its Answer Brief that:

> The district court correctly concluded that Cleveland needed no
> discovery to show she performed under her contract or there was
> some justification for her nonperformance. No evidence in Auto-
> Owners' possession, which Cleveland obtained through taking the
> Rule 30(b)(6) deposition, would cast any light on these issues.

Answer Brief, p. 34. Auto-Owners simply acts as if its own summary judgment
motion stopped on page 16 (*see* App. Vol. 2 at 142) and that pages 17 through 21
(*see* App. Vol. 2 at 143-46) of same – discussing material and substantial prejudice
– simply do not exist. Thus, raising this argument for the first time Cleveland's
Reply Brief is permissible. *See, e.g.,* <u>In re Gold Res. Corp. Sec. Litig.</u>, 776 F.3d
1103, 1119 (10th Cir. 2015) (citing <u>Beaudry v. Corr. Corp. of Am.</u>, 331 F.3d 1164,
1166 n. 3 (10th Cir. 2003), and stating, "While it is true that we generally

In any event, a party who requires additional time and/or discovery to obtain facts *otherwise unavailable*, and who timely files a motion pursuant to Fed. R. Civ. P. 56(d),[3] should not thereafter be required to argue and satisfy the plain error review standard at the appellate level where the party was *prevented* from making arguments challenging the grant of summary judgment to the district court in the first place by dint of such unavailability of facts <u>and</u> had to substantively respond or file a Fed. R. Civ. P. 56(d) motion pursuant to this Court's guidance forcing the party to elect his remedy.  Such a plain error standard is manifestly unfair in that circumstance and should not be required.

Even if this Court finds that plain error review is nevertheless applicable, this Court should not find that Cleveland has waived her right to address plain error in this Reply Brief.  This Court has tacitly recognized as much in <u>Marin v. King</u>, 720 F. App'x 923, 941 (10th Cir. 2018) (citation omitted) (stating, "But Plaintiffs do not argue—in their opening or reply brief—for plain-error review. A party's failure to 'argue for plain error and its application on appeal ... marks the end of the road for an argument" raised for the first time on appeal.'"); *see also*

do not "review   issues raised for   the first time in   a reply brief,   we make an exception when the new issue argued in the reply brief is offered in response to an argument raised in the [answer] brief.").

[3] In that vein, "[a] nonmovant failing to raise the evidentiary impediments preventing it from meeting its summary judgment burden acts at its own peril." *See* <u>Helget v. City of Hays, Kansas</u>, 844 F.3d 1216, 1226 (10th Cir. 2017) <u>citing</u> <u>Adler v. Wal-Mart Stores, Inc.</u>, 144 F.3d 664, 672 (10th Cir. 1998).

4

United States v. Zander, 794 F.3d 1220, 1233 n.5 (10th Cir. 2015); United States v. Isabella, 918 F.3d 816, 844–45 (10th Cir. 2019); United States v. MacKay, 715 F.3d 807, 831–32 (10th Cir. 2013); United States v. Yurek, 925 F.3d 423, 444 (10th Cir. 2019); United States v. Chavez-Morales, 894 F.3d 1206, 1214 (10th Cir. 2018); United States v. Pacheco-Donelson, 893 F.3d 757, 759–60 (10th Cir. 2018). The United States Court of Appeals for the First Circuit has also recognized that plain error review is not waived if its four-part test is argued at least in a reply brief. *See* United States v. Pabon, 819 F.3d 26, 33–34 (1st Cir. 2016).

In an abundance of caution, application of the plain error standard is addressed in Subsection D., below.

B. **The District Court Committed Error When It Granted Summary Judgment Without Determining That Auto-Owners Was Materially And Substantially Prejudiced**

As noted by the District Court in its September 23, 2021 Order with respect to Cleveland's breach of contract claim against Auto-Owners:

> To succeed on a claim for breach of contract, the plaintiff must prove . . . (2) performance by the plaintiff or some justification for nonperformance . . . . Auto-Owners argues that Cleveland's claim fails at the second element: performance by the plaintiff. (Doc. # 37, p. 12). Auto-Owners contends that "Ms. Cleveland cannot prove . . . that she performed the contract" – i.e., her insurance policy – because she has failed to present evidence that she satisfied the terms of the policy's cooperation clause. (Doc. 37, p. 12). The Court agrees.

App. Vol. 2 at 184.

5

Nevertheless, as demonstrated in Cleveland's Opening Brief, under Colorado law, "[r]ecovery under an insurance policy may be forfeited when, in violation of a policy provision, the insured fails to cooperate with the insurer "in some material and substantial respect." Hansen v. Barmore, 779 P.2d 1360, 1364 (Colo. App. 1989) (citations omitted).    Indeed, "[n]on-cooperation constitutes breach **only** if material and substantial disadvantage to the insurer is proved. Id. at 1364 (citation omitted) (emphasis added). Accord State Farm Mut. Auto. Ins. Co. v. Secrist, 33 P.3d 1272, 1275 (Colo. App. 2001) (citations omitted) (stating, "The right to recover under a policy may be forfeited only when, in violation of a policy provision, the insured fails to cooperate with the insurer in some material and substantial respect.).

It is beyond dispute that the District Court's September 23, 2021 Order focused solely on Cleveland's performance element and never actually made *any* finding as to whether Cleveland failed to cooperate "in some material and substantial respect." *See* App. Vol. 2 at 182-88.  In doing so, the District Court likewise ignored Auto-Owners' own admissions demonstrated that Cleveland *did perform*. *See* Opening Brief, p. 20 (succinctly setting forth Auto-Owners' admissions).    These admissions shifted the summary judgment burden from Cleveland to Auto-Owners to demonstrate in the first instance that it was entitled to summary judgment on its affirmative defense of non-cooperation.  Auto-Owners

clearly understood that it was required to prove its entitlement to judgment on its affirmative defense: its Motion for Summary Judgment specifically dealt with the affirmative defense of non-cooperation. *See* App. Vol. 2 at 143-46. Auto-Owners also admits it had this burden in its Answer Brief. *See* Answer Brief, at 42 (stating, "Auto-Owners then had the burden to show it suffered prejudice as a result of Cleveland's failure to perform.").

Nevertheless, it is beyond dispute that, despite Auto-Owners' admissions that Cleveland performed, the District Court utterly failed to employ the correct summary judgment analysis vis-à-vis *Auto-Owners'* on its affirmative defense of non-cooperation – *for which Auto-Owners had the burden of persuasion*. Auto-Owners does not demonstrate otherwise in its Answer Brief, focusing instead on Cleveland's performance element. *See, e.g.,* Answer Brief, pp. 44-45.

Sailing right over the District Court's failure to employ the correct summary judgment analysis, Auto-Owners nevertheless argues that summary judgment on its affirmative defense was proper in any event. *See* Answer Brief, p. 46 (largely ignoring its admissions and singling out one response to correspondence to buttress its argument that same does not constitute "substantial" performance and that no reasonable juror could return a verdict in favor of Cleveland on performance). This argument simply misses the point. That is true because the District Court never employed the correct summary judgment analysis in the first place, and,

further, never determined whether Auto-Owners had suffered material and substantial prejudice. It was error for the District Court to grant summary judgment to Auto-Owners without employing the proper summary judgment analysis and finding that Auto-Owners had carried its *burden of persuasion* to demonstrate material and substantial prejudice.[4]

### C. C.R.S. § 10-3-1118 Bars Auto-Owners From Proving That Cleveland Failed To Cooperate

Auto-Owners' argues that it cannot comply with Section 10-3-1118's *pre-suit* conditions, that Section 10-3-1118 cannot be applied where the events at issue occurred prior to the statute's effective date, and that Auto-Owners effectively

---

[4] Auto-Owners' landlord-tenant analogy is inapt. *See* Answer Brief, p. 46. Whether or not an insured's purported failure to cooperate in some respect amounts to substantial and material prejudice such to relieve an insurer of performance is demonstrably different than a tenant making one rent payment and then failing whatsoever to make any further payments for the term of the lease. Auto-Owners' also relies upon other cases from this Circuit for the proposition that Cleveland's argument that she performed under the contract is "absurd." *See* Answer Brief, at 46-49. But Auto-Owners' admissions (*see* Opening Brief, p. 20) do create a disputed issue of material fact on Cleveland's performance element and, again, the District Court never employed the correct summary judgment analysis or even considered whether Auto-Owners had suffered material and substantial prejudice. Whether this Court has affirmed summary judgment in other cases involving non-cooperation *on the facts in those cases* does not demonstrate that summary judgment was proper in the instant case, and certainly not where the District Court performed no analysis or made any findings with respect thereto.

complied with Section 10-3-1118's pre-suit conditions by sending multiple letters to Cleveland. *See* Answer Brief, pp. 57-58.

Auto-Owners does not attempt to demonstrate that Section 10-3-1118 did not become effective on September 14, 2020, *see* C.R.S. § 10-3-1118 (credits), or that Section 10-3-1118 does not apply "to *litigation* that occurs on or after the applicable effective date [September 14, 2020] of this act." *See, e.g.,* Tucker v. Allstate Prop. & Cas. Ins. Co., 2021 WL 1165538, at *6–8 (D. Colo. Mar. 26, 2021). Auto-Owners does not demonstrate that the instant case was not in litigation – that is, that litigation was not occurring – on the date the statute became effective. Auto-Owners ignores the fact that Section 10-3-1118 expressly prohibits Auto-Owners from *proving* a failure-to-cooperate defense if it did not comply with the requirements of the statute. *See* C.R.S. § 10-3-1118(1).

Section 10-3-1118 does not simply apply to *pre-suit* activities; it also applies to activities in ongoing litigation. That is confirmed by the fact that the plain language of the Act adding Section 10-3-1118 expressly applies Section 10-3-1118 to *litigation* occurring "on or after" the applicable effective date. The foregoing, coupled with the statute's express prohibition against *proving* a non-cooperation affirmative defense if the insurer did not comply with the statute's provisions, demonstrates the statute is not *retroactive*, contrary to Auto-Owners' contentions otherwise. The statute *does not say* that it applies only to lawsuits that are *filed* on

or after the effective date of the statute.  Thus, the District Court erred in granting

summary judgment where Auto-Owners did not demonstrate it had complied with

Section 10-3-1118.

### D. <u>The District Court's Error Satisfies The Plain Error Standard</u>

To establish plain error:

> . . . [A]n appellant must show the existence of "(1) error, (2) that is
> plain, which (3) affects substantial rights, and which (4) seriously
> affects the fairness, integrity, or public reputation of judicial
> proceedings."

<u>Marin</u>, 720 F. App'x at 941 (citation omitted).

####     1.  The District Court Committed Error

As demonstrated, *infra*, as well as in Cleveland's Opening Brief, the District

Court's grant of summary judgment to Auto-Owners on Cleveland's performance

element constituted error.

Where Auto-Owners made admissions creating a disputed issue of material

fact with respect to Cleveland's performance element, the District Court

improperly failed to focus its summary judgment analysis on whether Auto-

Owners' had demonstrated its entitlement to summary judgment on its affirmative

defense of non-cooperation (which Auto-Owners' motion for summary judgment

was based on and was implicated under Colorado law – App. Vol. 2 at 140-46) for

which Auto-Owners had the burden of persuasion; focusing, rather, solely on

Cleveland's performance element. *See, e.g.,* App. Vol. 4 at 186-87 (stating, "The

10

sole basis for Auto-Owners' Motion is that Cleveland 'cannot prove . . . that she performed the contract or that there is some justification for nonperformance.'").

Additionally, it was error for the District Court to grant summary judgment to Auto-Owners where Auto-Owners' motion for summary judgment completely failed to demonstrate that it had complied with the requirements of C.R.S. § 10-3-1118.

### 2.  The District Court's Error Was Plain

"An error is plain if it is clear or obvious under current, well-settled law." Utah Physicians for a Healthy Env't v. Diesel Power Gear, LLC, 21 F.4th 1229, 1252 (10th Cir. 2021) (quoting United States v. Faulkner, 950 F.3d 670, 678 (10th Cir. 2019).

Here, there is no question that the relevant law with respect to the error was clear or obvious.  That summary judgment may only be granted where the movant demonstrates there is no genuine dispute as to any material fact and its entitlement to same is well-settled. *See, e.g.,* Celotex Corp. v. Catrett, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986).  That summary judgment may not be granted solely on the basis that the non-moving party fails to respond to a motion for summary judgment is well-settled. *See, e.g.,* Reed v. Bennett, 312 F.3d 1190, 1194-1195 (10th Cir. 2002).  It is also well-settled that, where a party moving for summary judgment admits facts which demonstrate disputed issues of

material fact, same vitiates a grant of summary judgment. *See, e.g.,* Fed. R. Civ. P. 56; *see also* <u>Ostroski v. Town of Southold</u>, 443 F. Supp. 2d 325, 333–34 (E.D.N.Y. 2006); <u>Ford v. Lumbermens Mut. Cas. Co.</u>, 197 F.R.D. 365, 366–67 (N.D. Ill. 2000).

It is also well-settled that, where a defendant moves for summary judgment on an affirmative defense, "[t]he defendant ... must demonstrate that no disputed material fact exists regarding the affirmative defense asserted." <u>Helm v. Kansas</u>, 656 F.3d 1277, 1284 (10th Cir. 2011) (quoting <u>Hutchinson v. Pfeil</u>, 105 F.3d 562, 564 (1997)). That Colorado law requires an insurer to demonstrate material and substantial prejudice before it can prevail on its non-cooperation affirmative defense is well-settled. *See* <u>Hansen</u>, 779 P.2d at 1364; *see also* <u>Ahmadi v. Allstate Ins. Co.</u>, 22 P.3d 576 (Colo. App. 2001).

Finally, with respect to C.R.S. § 10-3-1118, that statute became effective on September 14, 2020 – well before the District Court issued its September 23, 2021 Order.

### 3. The District Court's Plain Error Affects Cleveland's Substantial Rights

As noted by this Court,

Satisfying the third prong of plain-error review—that the error affects substantial rights—"usually means that the error must have affected the outcome of the district court proceedings."

12

<u>United States v. Gonzalez-Huerta</u>, 403 F.3d 727, 732 (10th Cir. 2005) (citation omitted).

The District Court's error affected Cleveland's substantial rights because, had the District Court not committed the error, it could not have granted summary judgment on Cleveland's performance element as Auto-Owners admitted performance on the part of Cleveland thereby creating a disputed issue of material fact and implicating summary judgment analysis vis-à-vis the non-cooperation affirmative defense – for which Auto-Owners had the burden of persuasion.

The same goes for the District Court's failure to ensure Auto-Owners' compliance with C.R.S. § 10-3-1118 prior to granting summary judgment.  Same affected Cleveland's substantial rights as the error must have affected the outcome of the district court proceedings; to wit, the District Court could not have found that Auto-Owners was entitled to summary judgment where Auto-Owners did not demonstrate that it had complied with Section 10-3-1118.

4. Seriously Affects The Fairness, Integrity, Or Public Reputation Of Judicial Proceedings

The District Court's error seriously affected the fairness, integrity, or public reputation of the judicial proceeding vis-à-vis Auto-Owners' summary judgment motion.  It is demonstrably unfair for the District Court to ignore well-settled law vis-à-vis <u>both</u> summary judgment analysis <u>and</u> the non-cooperation affirmative defense under Colorado law.  There can be no other reasonable interpretation of

13

what occurred in the instant case.  The District Court's failure to employ the proper standard and analysis or follow well-settled law rendered its ruling on Auto-Owners' motion for summary judgment fundamentally unfair.

That is also true vis-a-vis the District Court's grant of Auto-Owners' motion for summary judgment where the District Court failed to ensure that Auto-Owners demonstrated it had complied with C.R.S. § 10-3-1118 prior to attempting to prove it was entitled to summary judgment on its affirmative defense of non-cooperation.

## II. THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT DENIED CLEVELAND'S AMENDED MOTION FOR STAY PURSUANT TO FED. R. CIV. P. 56(d)

Auto-Owners' arguments vis-à-vis Cleveland's amended motion to stay are unavailing.

### A. Cleveland's Fed. R. Civ. P. 56(d) Motion Satisfied The Requirements Of The Rule

A party seeking to defer a ruling on summary judgment under Rule 56(f) must provide an affidavit "explain[ing] why facts precluding summary judgment cannot be presented." Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd., 616 F.3d 1086, 1096 (10th Cir. 2010) citing Comm. for the First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir. 1992).  The party so moving must identify: (1) the probable facts not available; (2) why those facts cannot be presented currently' (3) what steps have been taken to obtain these facts; and (4) how additional time will enable the party to obtain those facts and rebut the motion

14

for summary judgment. *See* id.  The affidavit need not contain evidentiary facts, it merely needs to explain why facts precluding summary judgment cannot be presented. *See* Price ex rel. Price v. W. Res., Inc., 232 F.3d 779, 783 (10th Cir. 2000) (citation omitted).

Fed. R. Civ. P. 56(d) motions are to be treated liberally. *See, e.g.,* Campbell, 962 F.2d at 1522 (citing James W. Moore & Jeremy C. Wicker, *Moore's Federal Practice* ¶ 56.24 (1988) and stating, "Unless dilatory or lacking in merit, the motion should be liberally treated.").  Accord Est. of Todashev by Shibly v. United States, 815 F. App'x 446, 453 (11th Cir. 2020).  Further, "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Accord Campbell, 962 F.2d at 1521 (recognizing the nonmovant must have a full opportunity to conduct discovery). "The movant's exclusive control of such information is a factor weighing heavily in favor of relief under Rule [56(d)]." Price, 232 F.3d at 783 (citations omitted).[5]  Affidavits offered in support of Fed. R. Civ. P. 56(d) motions are also to be treated liberally. *See, e.g.,* Jones v. City and County of Denver, Colo., 854 F.2d 1206, 1210 (10th Cir. 1988).  In the instant case, it is undisputed that Cleveland provided an affidavit with her Fed. R. Civ. P.

---

[5] As this Court is no doubt aware, prior Fed. R. Civ. P. 56(f) is now set forth in Fed. R. Civ. P. 56(d).

56(d) motion. *See* App. Vol. 3 at 73-75. Moreover, it can hardly be disputed that the affidavit was not dilatory or meritless. Additionally, the motion and affidavit met the requirements as set forth in <u>Valley Forge Ins. Co.</u>

First, the affidavit identified probable facts not available. *See* App. Vol. 3 at 73, ¶ 2 (stating, "At the outset of this lawsuit, Defendant Auto Owners asserted, amongst others, an affirmative defense for an alleged breach of contract by Plaintiff, and claim they were substantially prejudiced by the alleged breach."); *see also* App. Vol. 3 at 74, ¶ 7 (stating, "Plaintiff expects to discover evidence that Defendant did very little in its claims handling duties, and any alleged prejudice would have been alleviated if Defendant had done its job or supervised its inexperienced claim handlers."); *see also* App. Vol. 3 at 74-75, ¶¶ 8-9 (demonstrating that "Testimony by the company of what it did do, did not do, and what they should and could have done are all facts that would dispute Defendant's assertion of substantial prejudice because they were not prevented from investigating or left without a means to investigate the claim," and " . . . Plaintiff will discovery [sic] additional evidence that Defendant delayed its investigation and evaluation of Plaintiffs case, did not act promptly during the claims process, and purposely hired a biased expert to support a denial of the claim; all facts relevant to Defendant's claim of substantial prejudice. Plaintiff suspects Defendant may have prejudiced itself through its training methods, claims handling practices,

16

and adjuster supervision to ensure they have complied with Colo. Rev. Stat. 10-3-1104 which requires the insurer to investigate the claim.").

Second, the affidavit demonstrated why facts precluding summary judgment could not be presented. *See* App. Vol. 3 at 74, ¶ 6 (stating, "Early discovery has not been adequate. In fact, Defendant refused to allow its claims adjusters to answer any questions in regard to their affirmative defenses because Defendant insisted they were questions that could only be answered by the 30(b)(6) representative); *see also* App. Vol. 3 at 73-74, ¶ 3 (stating, "Thus far Plaintiff took the depositions of two of Defendant's employees regarding their handling of the claim, however, despite Plaintiffs and undersigned counsel's best efforts, she has been unsuccessful in completing the deposition of the Defendant, Auto-Owners, pursuant to Fed. R. Civ. P. 30(b)(6).").

Third, the affidavit demonstrated what steps have been taken to obtain these facts. *See* App. Vol. 3 at 73, ¶ 3 (noting Plaintiff took the depositions of two of Defendant's employees but had been unable to complete the deposition of Auto-Owners); see also App. Vol. 2 at 74, ¶ 6 (noting that Auto-Owners refused to allow its claims adjusters to answer any questions in regard to their affirmative defenses); *see also* App. Vol. 2 at 74, ¶¶ 4-5 (demonstrating that Cleveland's Counsel attended a discovery hearing vis-à-vis the scope of the Fed. R. Civ. P. 30(b)(6) deposition of Auto-Owners).

Fourth, the affidavit demonstrated how additional time would enable Cleveland to obtain those facts and rebut the motion for summary judgment. *See* App. Vol. 2 at 75, ¶ 11 (stating, "Currently, Plaintiff is unable to obtain the deposition until previous discovery motions are ruled upon. The extra time will allow for rulings on the discovery disputes, allow for setting of the [Fed. R. Civ. P. 30(b)(6)] deposition, discovery, and time for Plaintiff to respond to Defendant's Motion.").

Under the liberal standard applied to both Fed. R. Civ. P. 56(d) motions and affidavits, this Court should find that Cleveland satisfied her burden vis-à-vis her Fed. R. Civ. P. 56(d) motion. Auto-Owners takes issue with supposed vague and general statements (Answer Brief, p. 27), and self-servingly mischaracterizes Cleveland's search for evidence as pertaining to bad faith (Answer Brief, p. 29), but, frankly, under this Court's guidance, while an affidavit must be robust, Cleveland submits her affidavit and motion were robust enough to pass muster. That is especially true where it is *Auto-Owners* who has the exclusive possession of the facts relevant to the inquiry of how it was prejudiced or not prejudiced— facts which Cleveland demonstrably does not have. *See, e.g.,* Price, 232 F.3d at 783.

18

### B. <u>The District Court's Ruling Constituted An Abuse Of Discretion</u>

Auto-Owners argues that the District Court did not exceed the bounds of rationally available choices. Answer Brief, p. 30.  It does this by defending the District Court's finding in its September 23, 2021 Order that the relevant discovery (to wit, the Rule 30(b)(6) deposition of Auto-Owners) was complete, and, therefore, the premise supporting the Amended Motion for Stay was gone. Answer Brief, p. 32.

Auto-Owners ignores the actual record.  As noted, *infra*, the relief Cleveland expressly asked for was a stay until twenty days after discovery was complete. *See* App. Vol. 3 at 72.  More importantly, Cleveland also specifically noted in her Fed. R. Civ. P. 56(d) motion:

> Deferment of Defendant's Summary Judgment Motion is therefore necessary until resolution the pending Objections and completion of Defendant's 30(b)(6) deposition, **and additional discovery expected to arise out of information gathered in the deposition**. *See* Ex. 1, Aff. Adam Balach (December 31, 2020).

App. Vol. 3 at 71 (emphasis added).

It can hardly be deemed a rationally available choice for the District Court to selectively pick one event from the Fed. R. Civ. P. 56(d) motion as the only "relevant discovery" when that was *not* what Cleveland asked or argued for therein.  Cleveland also had to take the information gleaned from that deposition and provide it to her experts as well as depose Auto-Owners' experts vis-à-vis the

information learned in Auto-Owners' deposition.  Recall that the entire exercise was for the purpose of gathering information to rebut Auto-Owners' contention that it had been materially and substantially prejudiced.  Viewed in that light, it can hardly be characterized as a rationally available choice for the District Court to simply myopically focus on the Fed. R. Civ. P. 30(b)(6) deposition.

### C. The District Court's Conclusion That Cleveland Had Completed Her Requested Discovery Constituted An Error Of Law And An Error Of Fact

Auto-Owners argues that, in denying Cleveland's Fed. R. Civ. P. 56(d) motion, the District Court did not err with respect to a matter of law or fact. *See* Answer Brief, pp. 34-35.  Auto-Owners asserts:

> Cleveland apparently contends the district court missed the boat because the district court did not specifically analyze why no discovery was necessary to address the issue of prejudice to Auto-Owners arising from Cleveland's failure to perform. However, the district court addressed this issue, at least indirectly, by noting that "even if Cleveland could show that discovery was necessary to her response, the record shows that the relevant discovery is now complete." Aplt. App., Vol. 4 at 0187.

Answer Brief, p. 34.  This is sophistry.

As one of the bases for denying Cleveland's Fed. R. Civ. P. 56(d) motion, the District Court specifically noted that Cleveland needed no discovery to respond to Auto-Owners' contention that Cleveland "cannot prove . . . that she performed the contract or that there is some justification for nonperformance." *See* Opening Brief, p. 40, citing App. Vol. 4 at 186-7.  To the extent that the District Court

believed that it could grant summary judgment to Auto-Owners without determining whether Auto-Owners had satisfied its burden of persuasion vis-à-vis its non-cooperation defense, same is simply legal error – as demonstrated at length in Cleveland's Opening Brief and, *supra*, in Section I of the instant brief. And, to the extent that the District Court then relied upon its error of law in support of its denial of Cleveland's Fed. R. Civ. P. 56(d) motion, same demonstrates an abuse of discretion. *See, e.g.,* Farmer v. Banco Popular of N. Am., 791 F.3d 1246, 1256 (10th Cir. 2015) (stating, "A district court abuses its discretion when it . . . commits an error of law, such as applying an incorrect legal standard or misapplying the correct legal standard . . . .").

In that vein, the fact that the District Court stated, "even if Cleveland could show that discovery was necessary to her response, the record shows that the relevant discovery is now complete," does not demonstrate, in and of itself, that the Court did not deny Cleveland's Rule 56(d) motion as a result of its legal error. No reasonable reading of the foregoing demonstrates that the District Court ever conceptualized, recognized, or internalized that *it* had committed an error of law with respect to the analysis required for resolution of Auto-Owners' motion for summary judgment or that Cleveland *required* discovery to rebut any claimed material and substantial prejudice on the part of Auto-Owners. Moreover, the discovery and actual relief sought by Cleveland in her Fed. R. Civ. P. 56(d) motion

*was not complete* when the District Court denied Cleveland's Fed. R. Civ. P. 56(d) motion, and Auto-Owners' suggestion that the District Court's factual error somehow vitiates the legal error defies logic and reason.

Auto-Owners also asserts:

> Likewise, the district court committed no error of fact. Although the district court incorrectly believed the parties had agreed to complete discovery earlier in September, that statement was immaterial to the district court's correct finding that "the relevant discovery is now complete."

Answer Brief, p. 34. Again, sophistry.

As demonstrated above, and *infra*, the relevant discovery was not, in fact, complete. Thus, to the extent that the District Court denied Cleveland's Rule 56(d) motion under the belief that the "relevant discovery" was complete, same constitutes an error of fact and an abuse of discretion. The fact that the District Court stated that the "relevant discovery is now complete" *does not* demonstrate that the District Court did not commit an error of fact; rather, it clearly demonstrates that the District Court *did* commit an error of fact as the "relevant discovery" – as sought by Cleveland – *was not complete*.

Auto-Owners' also contends that "[r]ather than supplement her Amended Motion to Stay to request any additional specific discovery, request a ruling on her Amended Motion to Stay, or, perhaps most appropriately, respond to the MSJ, Cleveland did nothing." This argument is specious. Cleveland pointed out further

discovery sought and requested that her response to the summary judgment motion be stayed until twenty days after completion of discovery in her Fed. R. Civ. P. 56(d) motion. *See* App. Vol. 3 at 72.  Fed. R. Civ. P. 56(d) requires no more. Thus, there was simply no legitimate – or even reasonable – reason for Cleveland to "supplement her Amended Motion to Stay."

### D. <u>The District Court Abused Its Discretion By Not Ruling On The Fed. R. Civ. P. 56(d) Motion For Over Nine Months</u>

Auto-Owners grounds much of its argument vis-a-vis this point on the erroneous proposition that the District Court correctly noted that Cleveland had completed the discovery she purportedly needed. *See* Answer Brief, pp. 37-38. Cleveland has addressed above the impropriety of the assertion that the discovery Cleveland asserted was necessary and sought relief beyond the end of discovery to obtain had been completed and will not restate that argument here.  However, to the extent that Auto-Owners argues that cases from this Circuit finding that a district court's delay in ruling upon a Fed. R. Civ. P. 56(d) motion does not constitute an abuse of discretion and, therefore, that the same result should inure in the instant case, Cleveland takes issue with that proposition.

An abuse of discretion exists where the district court makes a manifestly unreasonable judgment in light of the circumstances. *See, e.g.,* <u>Birch v. Polaris Indus., Inc.</u>, 812 F.3d 1238, 1247 (10th Cir. 2015).  As set forth in Cleveland's

Opening Brief, in the instant case, the District Court issued such a manifestly unreasonable judgment:

> . . . [I]n denying the Amended Motion to Stay and summarily granting summary judgment in the face of the demonstrated need for the discovery, the merit of the Amended Motion to Stay, information with respect to how Auto-Owners was materially and substantially prejudiced was within the control of Auto-Owners itself, information to rebut Auto-Owners' claimed material and substantial disadvantage were within the control of Auto-Owners or possessed by other witness, *and Cleveland actively litigated the discovery in the case*.

Opening Brief, p. 37.

In that vein, that the instant case is now even before this Court is troubling. Fed. R. Civ. P. 56(d) specifically authorizes the filing of a motion to request additional time to engage in discovery and gather facts to rebut summary judgment. This is beyond dispute. *See* Fed. R. Civ. P. 56(d). Cleveland timely filed such a motion. This is beyond dispute. Cleveland specifically requested an extension until twenty days after the close of discovery in her Fed. R. Civ. P. 56(d) motion. This is beyond dispute. *See* App. Vol. 3 at 71-72; *see also* Answer Brief, pp. 10-11 (admitting, "Cleveland sought until 20 days after the completion of discovery to respond to the MSJ.").

Under Colorado law, in order for an insurer to avoid coverage based on non-cooperation, the insurer must demonstrate the insured's failure to cooperate resulted in material and substantial prejudice. This is beyond dispute. *See* <u>Hansen</u>,

779 P.2d at 1364 (stating, "Non-cooperation constitutes breach only if material and substantial disadvantage to the insurer is proved.").

Auto-Owners' motion for summary judgment admitted that Cleveland performed. This is beyond dispute. *See* Opening Brief, p. 20 (succinctly delineating the admissions made by Auto-Owners); *see also* App. Vol. 2 at 131, ¶3; 132, ¶11; 135, ¶26; 137, ¶37. Auto-Owners' motion for summary judgment specifically argued its affirmative defense of non-cooperation; that is, that Cleveland's failure to cooperate materially and substantially prejudiced Auto-Owners. This is beyond dispute. *See* App. Vol. 2 at 143-46.

With all of the foregoing in mind, how on earth could Cleveland possibly respond to Auto-Owners' motion for summary judgment *absent* discovery vis-à-vis Auto-Owners' claims of material and substantial prejudice? Cleveland could not. Nevertheless, the District Court – myopically focused on Cleveland's performance element only to the exclusion of Colorado law vis-à-vis the non-cooperation affirmative defense and the correct standard for summary judgment – asserted that Cleveland needed no discovery to respond to the motion for summary judgment. *See* App. Vol. 4 at 186-87.

Think about the foregoing for a moment. Imagine Cleveland had responded to the motion for summary judgment in the manner in which the District Court – and, belatedly and opportunistically, Auto-Owners – suggests. Imagine Cleveland

had actually responded to the motion for summary judgment by setting forth all of the affirmative ways in which she cooperated.  Even if Cleveland *had* responded in such a manner – *potentially, and only speculatively,* avoiding summary judgment before the District Court on her *performance element* – the District Court would have still granted summary judgment against Cleveland on the basis that Cleveland failed to rebut Auto-Owners' claims of material and substantial prejudice.  That is true because Cleveland still would not have been able to respond to the *remainder* of the motion for summary judgment; that is, Cleveland still would not have had *facts* to respond to – or, more importantly, *contest* – the portion of Auto-Owners' summary judgment motion wherein Auto-Owners asserted that it was materially and substantially prejudiced by the circumstances in which Cleveland purportedly *did not* perform.   Not to be uncouth or boorish, but, frankly, this entire circumstance reduces itself to a "damned if you do, damned if you don't" situation. But it is exactly this type of situation that Fed. R. Civ. P. 56(d) was enacted to avoid. *See, e.g.,* Est. of Todashev by Shibly, 815 F. App'x at 453 (stating, "[Rule 56(d)'s] very purpose 'is to provide an additional safeguard against an improvident or premature grant of summary judgment and the rule generally has been applied to achieve that objective.'").

The District Court's denial of Cleveland's Fed. R. Civ. P. 56(d) motion was manifestly unreasonable.

**III.    THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT DENIED CLEVELAND'S MOTION FOR RECONSIDERATION BASED ON FED. R. CIV. P. 59(e)**

Despite the discrete arguments raised by Cleveland in her Opening Brief, in response Auto-Owners merely restates the procedural history of the case and, based on such restatement as well as its other arguments in its Answer Brief, essentially asserts in a perfunctory and conclusory manner that the District Court got it right in the first instance and thereafter got it right on the motion to reconsider. *See* Answer Brief, pp. 59-61.    Having reviewed Auto-Owners' arguments, Cleveland stands on her arguments in her Opening Brief vis-à-vis her motion to reconsider.

**RESPECTFULLY SUBMITTED** this 11th day of October 2022.

BY:

BACHUS & SCHANKER, LLC

<u>s/ J. Kyle Bachus</u>
J. Kyle Bachus, Esq.
Colo. Atty. Reg. No. 24441
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO  80202
Phone:  (303) 893-9800
Facsimile:  (303) 893-9900
Email:  kbachus@coloradolaw.net
*Attorney for Plaintiff-Appellant*

s/ Bastion T. Kane
Bastion T. Kane, Esq.
Colo. Atty. Reg. No. 33971
THE KANE LAW OFFICE, LLC
225 Union Blvd., Suite 150-255
Lakewood, CO  80228
Phone:  (720) 849-6954
Facsimile:  (720) 398-3310
Email:  bastion@bastionkane.com
*Attorney for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

As required by Fed. R. App. P. 32(a)(7)(B)(ii), I hereby certify that this brief is proportionally spaced and contains 6,489 words.

Complete one of the following:

X     I relied upon my word processor to obtain the count and it is Microsoft Office Word 2016.

I counted five characters per word, counting all characters including citations and numerals.

I certify that the information in this form is true and correct to the best of my knowledge and belief formed after reasonable inquiry.

By:    s/ J. Kyle Bachus
*Attorney for Plaintiff-Appellant*

## CERTIFICATE OF PRIVACY REDACTIONS

I hereby certify that that no privacy redactions have been made to this brief as none were necessary.

By:    s/ J. Kyle Bachus
*Attorney for Plaintiff-Appellant*

**CERTIFICATE THAT HARDCOPIES TO BE FILED WITH THE COURT
ARE EXACT COPIES OF THE VERSION SUBMITTED
ELECTRONICALLY**

I hereby certify that the hardcopies to be filed with the Clerk of the Court are

exact copies of the version submitted electronically in Digital Form via the Court's

ECF system.

By:    s/ J. Kyle Bachus
       *Attorneys for Plaintiff-Appellant*

**CERTIFICATE OF DIGITAL SUBMISSION OF APPELLANT'S
OPENING BRIEF**

I hereby certify that the electronic submission was scanned for viruses with

the most recent version of Eset Internet Security, Product version 15.1.17.0, virus

definitions last updated on October 11, 2022, and according to the program the

electronic submission is free of viruses.

By:    s/ J. Kyle Bachus
       *Attorney for Plaintiff-Appellant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of October 2022, I electronically filed

the foregoing APPELLANT'S OPENING BRIEF with the Clerk of the Tenth

Circuit Court of Appeals using the CM/ECF system which will send notice of such

filing to all attorneys of record:

Gregory R. Giometti, Esq., Atty. Reg. No. 16868
John D. Mereness, Atty. Reg. No. 33596
Kira N. Adams, Esq., Atty. Reg. No. 52606
Taylor R. Seibel, Atty. Reg. No. 48298
Giometti & Mereness, P.C.
501 S. Cherry Street, Ste. 1000
Denver, Colorado 80246
Phone: (303) 333-1957
Emails: ggiometti@giomettilaw.com
        jmereness@giomettilaw.com
        kadams@giomettilaw.com
        tseibel@giomettilaw.com
*Attorneys for Defendant-Appellee*
*Auto-Owners Insurance Company*

             By:    s/ Dawn Rozecki
                     Litigation Practice Manager